BROOKLYN CONSOLIDATED LUMBER CORPORATION, Appellant, v. CITY PLASTERING CO., INC., and Others, Respondents. (Appeal No. 2.) — Order modified by striking therefrom the last paragraph, which directs a reference to assess damages, and as thus modified affirmed, without costs, without prejudice to the prosecution of an action by defendant City Plastering Co., Inc., if it be so advised, to enforce its common-law rights, if any. The order granting the injunction contained no provision for an undertaking. The right to assess damages on a reference under section 894 of the Civil Practice Act arises only when an undertaking has been required as a condition to the granting of injunctive relief, and then such an assessment may not exceed the amount of the undertaking furnished. Where no undertaking is required the rights of the parties are determined by the common law. At common law, where injunctive relief was erroneously obtained by one acting in good faith, there could be no assessment of damages. Where he acted in bad faith and under circumstances amounting to malicious prosecution, redress could be had in an action for damages. (*Lawton* v. *Green*, 64 N. Y. 326, 330; *Bedell Co.* v. *Harris*, 228 App. Div. 529, 532; Civ. Prac. Act, § 894.) Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

JOHN J. CUNNION, Respondent, v. ABIGAIL CAHILL and EDWARD J. CAHILL, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.

HERBERT DECHEN, Appellant, v. GILBERT DECHEN, Respondent.— Judgment reversed on the law and a new trial granted, costs to abide the event. In our opinion, the plaintiff made out a *prima facie* case. The facts and circumstances disclosed by the plaintiff's evidence created a presumption of undue influence and fraud and put the burden upon the defendant of showing the consideration for the transfer and the circumstances in connection therewith. Lazansky, P. J., Kapper, Scudder, Tompkins and Davis, JJ., concur.

DENVER PHARMACEUTICAL MFG. CO., INC., Appellant, v. CRYSTAL CHEMICAL COMPANY, Respondent.— Order dismissing action for lack of prosecution and judgment entered thereon reversed on the law and the facts, with fifty dollars costs and disbursements, judgment vacated and motion denied, the court being of opinion that the determination of the Special Term was not a proper exercise of discretion. Lazansky, P. J., Kapper, Scudder, Tompkins and Davis, JJ., concur.

FRED H. DILLENBERG and RHODES & SCHOENFELD, INC., Respondents, v. CONRAD RHODES, JR., and ERNST SCHOENFELD, Appellants, Impleaded with CARSTEN H. LUDDER, as Assignee, etc., of CONRAD RHODES, JR., and ERNST SCHOENFELD, Defendant. (Action No. 1.) CONRAD RHODES, JR., and ERNST SCHOENFELD, Appellants, and CARSTEN H. LUDDER, as Assignee, etc., of CONRAD RHODES, JR., and ERNST SCHOENFELD, Plaintiff, v. FRED H. DILLENBERG and RHODES & SCHOENFELD, INC., Defendants, and FRED H. DILLENBERG, Receiver of RHODES & SCHOENFELD, INC., Respondent. (Action No. 2.) — Order and judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ,