Jones, J.
We hold that the purpose and function of an undertaking given by a plaintiff pursuant to the provisions of CPLR 6312 (subd [b]), prior to the granting of a preliminary injunction, is to reimburse the defendant for damages sustained if it is later finally determined that the preliminary injunction was erroneously granted.
Encounter, Inc., defendant-appellant, is an organization chartered by the New York State Drug Abuse Control Commission to provide residential and ambulatory services for drug dependent persons. On March 1, 1974, in accordance with commission approval, Encounter moved its facilities from Brooklyn to a building located on East 68th Street in Manhattan. Plaintiffs-respondents, tenants of the building and a neighborhood association, instituted the present action against Encounter and the owner of the building seeking a permanent injunction restraining Encounter from taking possession of the leased premises.
Supreme Court on May 17, 1974 granted plaintiffs’ motion for a preliminary injunction, conditioned on plaintiffs’ posting an undertaking in the amount of $10,000 pursuant to the provisions of CPLR 6312 (subd [b]), and denied defendants’ cross motion to dismiss the complaint. The undertaking was posted and Encounter vacated the premises. On appeal, on July 2, 1974 the Appellate Division modified by vacating the preliminary injunction but affirmed the denial of the cross motion to dismiss the complaint. Encounter then moved back into the premises. Eight months later, after the New York City Addiction Services Administration had recommended discontinuance of Éncounter’s program at the East 68th Street facility, in February, 1975 Encounter vacated the premises before plaintiffs had placed the injunction action on the Trial Calendar.
Plaintiffs then moved for an order discontinuing the action *478 and discharging their undertaking. Encounter consented to and joined in the request for a discontinuance, but opposed the application for discharge of the undertaking. On June 8, 1975 Supreme Court denied the application for discharge of the undertaking but discontinued the action without prejudice to Encounter’s rights, if any, to claim damages on the undertaking. Encounter then moved under CPLR 6315 for ascertainment of damages to which it was entitled under the undertaking. This motion was consolidated with a second motion by plaintiffs to discharge the undertaking. On November 13, 1975 Special Term directed a reference to determine whether Encounter had in fact sustained damages and held the motion for discharge in abeyance pending the filing of the referee’s report and final disposition of the motion for ascertainment of damages. In June, 1976 the special referee found that Encounter had in fact sustained damages in excess of the $10,000 undertaking but reported that as a matter of law it was not entitled to recover such damages because there had been no final determination that plaintiffs were not entitled to an injunction. On October 8, 1976 Supreme Court confirmed the referee’s report both as to the amount of damages and as to the denial of Encounter’s right to recover such damages, and accordingly granted plaintiffs’ motion to discharge the undertaking. On appeal the Appellate Division affirmed, one Justice dissenting. We now reverse and remit the matter to Special Term for entry of an order directing payment of damages to Encounter to the extent of the full liability on the undertaking.
The issue presented is the meaning properly to be attached to the clause in CPLR 6312 (subd [b])—"if it is finally determined that [plaintiff] was not entitled to an injunction”.[1] That is the contingency fixed by the statute on which depends a defendant’s right to recover damages on a CPLR 6312 (subd [b]) undertaking. Plaintiffs argue that the contingency referred to is a determination that plaintiffs are not entitled to prevail in the final outcome of the action itself, and contend that, in view of the discontinuance of the underlying action with *479 Encounter’s consent, there has been no such predicate final determination. We reject that view; the statute refers to a final determination that the plaintiffs were not entitled to the preliminary injunction, rather than a determination with respect to their right to a permanent injunction or other favorable outcome on the merits of the main action.[2] The proper focus is on the propriety of the issuance of the preliminary injunction when it was granted at the commencement of the action (Palmer v Foley, 71 NY 106, 110, 111; cf. Apollinaris Co. v Venable, 136 NY 46; Paeiñc Mail S. S. Co. v Toel, 85 NY 646; Freifeld v Sire, 96 App Div 296).
A preliminary injunction is an extraordinary provisional remedy to which a plaintiff is entitled only on a special showing. It operates as a substantial limitation on the defendant’s interests prior to any adjudication of the respective rights of the parties on the merits of the controversy between them. To afford reasonable protection to the defendant against an erroneous or improper grant of this special provisional remedy, the plaintiff as beneficiary thereof is required to post an undertaking in an amount fixed by the court. If it is later finally determined that the preliminary injunction was improperly granted there will then be a ready source from which the defendant may recover for damages which he may have sustained.
In many, even most, instances the entitlement to the preliminary injunction will parallel the plaintiff’s right to a permanent injunction or to other relief he seeks in the main action. Consequently, it has sometimes been suggested that defendant’s right to damages turns on the final outcome in the main action. This is not the critical contingency. The defendant’s right to damages depends on whether the plaintiff was entitled to the preliminary injunction, not on whether the defendant eventually prevails on the merits.
In Williams v Montgomery (148 NY 519) it was held under the predecessor section of the Code of Civil Procedure that the defendant was not entitled to damages even though the plaintiff eventually lost on the merits where the plaintiff had nonetheless been entitled to the preliminary injunction when it was issued. The holding in that case is thus consistent with *480 and supportive of the result we now reach. Our attention is invited to no case, nor has our research revealed any, in which our court has previously been confronted with a situation in which, as here, there has been a final determination that the preliminary injunction was erroneously granted but no final determination on the merits in the main action. We perceive no reason in principle why in such circumstances the defendant should not recover damages when it is concluded that the plaintiff was not entitled to the preliminary injunction.
That this was the intention when CPLR 6312 (subd [b]) was incorporated in the Civil Practice Law and Rules at the time of its enactment in 1962 (L 1962, ch 308) appears from the notes included in the Third Preliminary Report of the Advisory Committee on Practice and Procedure, the legislative committee that supervised the revision of the practice statute and rules. Referring to subdivision (b) of proposed section 15.7 (which subsequently was enacted as CPLR 6312, subd [b]) the committee wrote: "The opening paragraph of this subdivision is derived from section 893 [of the Civil Practice Act] which sets forth the general condition of the undertaking, viz.: to pay the defendant the damages he sustained by the injunction if it is determined that the plaintiff was not entitled to it.” (Emphasis added.) (NY Legis Doc, 1959, No. 17, p 363.)
Our conclusion is further buttressed by comparing the statutory sections which prescribe the terms of undertakings where the provisional remedies are arrest and attachment (CPLR 6112, subd [b], and 6212, subd [b]). We note that in each of these sections, by contrast with CPLR 6312 (subd [b]), it is expressly provided that the defendant is entitled to recover damages on the undertaking in alternative contingencies (CPLR 6112, subd [b]—"if the defendant recovers judgment or if it is finally determined that the plaintiff was not entitled to arrest the defendant”; CPLR 6212, subd [b]—"if the defendant recovers judgment or if it is finally decided that the plaintiff was not entitled to an attachment of the defendant’s property”). Whatever may be the case with respect to undertakings on arrest or attachment, questions which are not now before us, the statute dealing with preliminary injunctions, CPLR 6312 (subd [b]), conditions liability on the undertaking in terms of a single contingency—a final determination that the plaintiff was not entitled to a preliminary injunction. *481 There is no alternative provision with respect to the final outcome of the underlying action. This omission is persuasive. Where the Legislature has seen fit to attach significance to the final outcome of the action it has made explicit reference thereto.
The determination of the Appellate Division in vacating the preliminary injunction in this case was based on reasoning that a preliminary injunction should never have been issued. The case would be quite different had the court concluded that while the preliminary injunction had been initially properly granted, nonetheless it should be vacated as of the later date. The Appellate Division wrote: "Special Term, as indicated, found that the primary requisite for injunctive relief, namely, irreparable harm to the plaintiffs, was not shown at all. However, the court granted the relief on the ground that it was protecting the interest of the minors who were being served by Encounter. * * * The interest of the minors not having been shown to be adversely affected, the injunction rests on no foundation at all and must be vacated.” (45 AD2d, at p 834; cf. Williams v Montgomery, 148 NY 519, supra.) Inasmuch as this decision stands undisturbed it constitutes a final determination that plaintiffs were not entitled to the preliminary injunction, the precise statutory predicate for recovery of the damages sustained by Encounter. We finally note that when the underlying action was discontinued on consent, that discontinuance was expressly made "without prejudice to defendants’ rights, if any, that may exist under CPLR 6314 [presumably should be CPLR 6315]”, i.e., rights to recover damages on the undertaking.
For the reasons stated, the order of the Appellate Division should be reversed, with costs, and the case remitted to Supreme Court for entry of an order directing payment of damages, as found by the special referee, confirmed by Special Term and affirmed at the Appellate Division, to the full extent of liability on the undertaking.
Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Cooke concur.
Order reversed, with costs, and the case remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein.

. CPLR 6312 (subd [b]) in pertinent part provides: "(b) Undertaking. Except as provided in section 2512, prior to the granting of a preliminary injunction, the plaintiff shall give an undertaking in an amount to be fixed by the court, that the plaintiff, if it is finally determined that he was not entitled to an injunction, will pay to the defendant all damages and costs which may be sustained by reason of the injunction”.

. We note that in a strictly literal sense the reference to "injunction” could not always be said to refer to the permanent injunction, inasmuch as preliminary injunctions are statutorily authorized in actions in which no permanent injunction is sought or granted (CPLR 6301; 7A Weinstein-Korn-Miller, NY Civ Prac, par 6301.09).