■ SHEILA DE CARLO, et al., Doing Business as SATISFASHIONS, Respondents, v NICOLA SANESE, Individually and Doing Business as NICOLE'S, Appellant. (Appeal No. 2.)—Order of February 28, 1978 unanimously modified to vacate the injunction granted plaintiffs January 6, 1978 and, as modified, affirmed, without costs. Memorandum: Defendant alleges in an affidavit sworn to by his attorney in support of his motion to vacate the injunction granted to plaintiffs on January 6, 1978 that the premises were vacated on October 15, 1977. Defendant informed the court of this development in a letter addressed to the Trial Justice dated December 7, 1977. At this point the Trial Justice had already rendered a written decision determining the action although the order and judgment was not filed until the following January. The affidavit of plaintiffs' attorney opposing defendant's motion to vacate the injunction upon the ground that the reason for it no longer existed does not refute the factual allegation that the leased premises were vacated. A clear showing that the need for an injunction no longer exists is a proper ground for vacating the injunction *(People v Scanlon,* 11 NY2d 459). Plaintiffs' failure to deny the very relevant factual allegation in defendant's motion to vacate the permanent injunction concerning the vacatur of the leased premises should be considered as an admission. The injunction is, therefore, vacated. A reference for damages for improper issuance of a preliminary injunction as sought by defendant may not be made in pursuance to CPLR 6315, since no undertaking was ever filed. The right to damages pursuant to CPLR 6315 would only arise upon the filing of an undertaking (7A Weinstein-Korn-Miller, NY Civ Prac, par 6315.05). (Appeal from order of Monroe Supreme Court—vacate injunction, etc.) Present—Marsh, P. J., Cardamone, Simons, Dillon and Schnepp, JJ.