(May 25, 1979)

■ QUEENS STEAK PUB, INC., Appellant-Respondent, v TKU-QUEENS, INC., et al., Respondents-Appellants.—In an action to declare, *inter alia,* that

the defendant landlord, TKU-Queens, Inc., has waived its right to terminate plaintiff's lease and to permanently enjoin defendants from commencing any proceeding to terminate plaintiff's lease, (1) plaintiff appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Queens County, dated March 7, 1979, as (a) imposed certain conditions precedent to its grant of a preliminary injunction and (b) denied a tolling of the period during which plaintiff could cure its alleged default, and (2) defendants cross-appeal from so much of the said order as (a) granted the preliminary injunction and (b) enjoined them, *inter alia,* from taking any steps or proceedings to terminate plaintiff's lease and its tenancy thereunder. By orders of this court dated March 19, 1979 and March 26, 1979, plaintiff was granted a stay, pending appeal, of so much of the order as required it to pay common area maintenance charges of $37,265.81 and to file a surety bond in the sum of $60,000, and the period provided in the lease during which plaintiff may cure its alleged defaults was tolled. Plaintiff has filed a surety bond for $37,265.81. Order modified by (1) reducing the amount in paragraph (3) thereof from $60,000 to $5,000, (2) deleting paragraph (4) thereof and substituting therefor a provision that the trial shall begin on June 11, 1979, (3) deleting from paragraph (5) thereof the date April 16, 1979 and substituting therefor the date June 11, 1979 and (4) deleting from paragraph (7) thereof all language after the words "the bond filed". As so modified, order affirmed, without costs or disbursements. Plaintiff's time to make the payments directed in paragraph (1) of the order is extended until five days after service upon its attorneys of a copy of the order to be entered hereon, together with notice of entry thereof. Without passing on the merits of the controversy, we are of the opinion that the conditions precedent that plaintiff pay the common maintenance charges, of which it is in alleged default, and "each month's common charges as same becomes due", are appropriate in the circumstances, especially since Special Term directed that the payments be without prejudice to recovery or offset against future rent. We agree with plaintiff that the $60,000 bond required by Special Term is excessive and reduce it to $5,000. The statute requires that an undertaking be fixed by the court for damages to be paid to the defendant "if it is finally determined that [plaintiff] was not entitled to an injunction" (CPLR 6312, subd [b]; *Margolies v Encounter, Inc.,* 42 NY2d 475). Titone, J. P., Margett, Martuscello and Mangano, JJ., concur.