OPINION OF THE COURT
Edward H. Lehner, J.
This is a motion by defendants, other than the Attorney-General (who is no longer a party but appears amicus curiae pursuant to order of this court dated December 21, 1981), for an order pursuant to CPLR 6315 to ascertain the amount of damages sustained by reason of a preliminary injunction heretofore obtained by plaintiffs.
The preliminary injunction was issued (Apfelberg v East 56th St. Plaza, 106 Misc 2d 295) on July 25, 1980 in a dispute between sponsors and tenants of a building being converted to co-operative status. The order, which enjoined defendants from selling apartments, was reversed by the Appellate Division on October 10, 1980 and the suit was dismissed without prejudice, the court finding the action to be “premature” (78 AD2d 606). Appeal to the Court of Appeals was dismissed on June 18, 1981 for failure to prosecute (54 NY2d 680).
Defendants claim damages as follows: out of pocket costs, including interest payments on mortgages — $1,200,000; *681 rent increases not permitted during the period of the injunction — $40,560; totaling $1,240,560.
In connection with the injunction plaintiffs posted an undertaking in the amount of $25,000. The Appellate Division denied a motion by defendants to increase the amount of the undertaking to $200,000 by order dated August 21, 1980.
Plaintiffs contend defendants’ damages are speculative and in the event a hearing is directed request that the court limit damages provable to the amount of the undertaking. Plaintiffs further state that the tenants association had obtained “no-buy agreements” from two thirds of the tenants which did not expire until after the injunction was vacated, and thus defendants would have been prevented from obtaining the required 35% for an effective eviction plan.
Defendants argue that ascertainment of damages is the only issue before the court on this motion and whether the defendants are entitled to recover damages in excess of the bond is for a subsequent proceeding.
The pertinent statutory provision on this application is CPLR 6315 which reads as follows: “The damages sustained by reason of a preliminary injunction or temporary restraining order may be ascertained upon motion on such notice to all interested persons as the court shall direct. * * * The amount of damages so ascertained is conclusive upon all persons who were served with notice of the motion and such amount may be recovered by the person entitled thereto in a separate action.”
On oral argument defendants conceded that the extent of any liability of plaintiffs for damages for obtaining the preliminary injunction is the amount of the bond. Such was in fact the position they asserted before the Appellate Division as a reason for seeking an increase in the amount of the undertaking and such is in fact the law. (Margolies v Encounter, Inc., 42 NY2d 475; City of Yonkers v Federal Sugar Refining Co., 221 NY 206.)
Defendants contend, howeyer, that although damages for obtaining an injunction that is found improper may be so limited, such limitation is not applicable to any claim for *682 damages based on other grounds, such as malicious prosecution, or abuse of process. (See 7A Weinstein-Korn-Miller, NY Civ Prac, par 6312.22.) Hence, they argue that under CPLR 6315 they are entitled to have an ascertainment of all damages sustained so that in the event they do institute an action based on such other grounds they will not have to reprove their damages.
The problem with defendants’ position is that the intent of CPLR 6315 is to provide a procedure to ascertain damages resulting solely from an improvidently obtained injunction and not in connection with other claims such as the torts referred to above, which require prosecution by a separate action.
In Margolies v Encounter, Inc. (supra), a preliminary injunction was vacated on appeal. On an ascertainment of damages Special Term found no liability because the action was settled before trial, but ruled that if there were liability the damages incurred were $13,750. The Court of Appeals reversed the Appellate Division’s affirmance and stated that under the statute the “proper focus is on the propriety of the issuance of the preliminary injunction when it was granted at the commencement of the action” (42 NY2d, at p 479) and the fact that the case was settled before determination of the right to a permanent injunction is irrelevant. The case was then remitted for entry of judgment in the amount of $10,000, being the amount of the undertaking.
Defendants argue that the lack of criticism by the Court of Appeals of the finding of $13,750 of damages when the amount of judgment entered was only for $10,000 means that Special Term was correct in permitting the referee to ascertain the full amount of damages. Since the practice of the motion part of this court is (as authorized by CPLR 2218) to refer the issue of damages to a referee to hear and report, such officer must of necessity determine all damages sustained because on the motion to the court for confirmation certain items of damages may be rejected. Similarly this court has the same obligation to a reviewing appellate court.
The question has been raised as to whether a finding of damages can result in a judgment in this action or whether *683 a separate suit must be commenced to recover same. Although CPLR 6315 indicates that the “amount of damages so ascertained is conclusive upon all persons who were served with notice of the motion and may be recovered by the person entitled thereto in a separate action”, the court finds that such language does not prohibit the entry of judgment for the amount so determined in this action against the parties hereto found liable. Requiring the institution of a separate suit would result in a waste of judicial resources and be of no benefit to any party. The procedure to be followed herein is that employed and approved in Margolies v Encounter, Inc. (42 NY2d 475, supra).
Thus, should the court conclude that defendants sustained damages in excess of $25,000, it will permit the entry of judgment only to the extent of $25,000. However, so as to present a record for review in the event of an appeal, the court must of necessity determine the total amount of damages sustained. Nevertheless, in light of certain discussions during oral argument, the court notes that should plaintiffs stipulate that the damages defendants sustained as a result of the obtaining of the preliminary injunction equals $25,000, there would be no need for a hearing on such issue, or if after the referee’s report is submitted plaintiffs stipulate that they will not appeal on the issue of damages, there would be no need for the court to make any finding as to the amount of damages sustained (if any) in excess of $25,000.
In conclusion, in accordance with CPLR 2218 the issue as to the total amount of damages sustained as a result of the issuance of the injunction is ordered referred to Trial Term, Part 10, for assignment to a special referee to hear and report (with recommendations). Pending receipt of the report, determination of this motion is held in abeyance. Counsel are directed to file a conformed copy of this order within five days of publication with the Office of the Referees, 60 Centre Street, Room 308-M, in order to obtain a calendar date.