HONEYWELL, INC., Appellant, v TECHNICAL BUILDING SERVICES, INC., et al., Respondents.

Third Department, October 11, 1984

APPEARANCES OF COUNSEL

*Hinman, Straub, Pigors & Manning, P. C. (John J. Ciavardoni* of counsel), for appellant.

*Hesson, Ford, Sherwood & Whalen (H. Neal Conolly* of counsel), for respondents.

OPINION OF THE COURT

MAHONEY, P. J.

Plaintiff commenced an action against defendant Technical Building Services, Inc., as well as three former employees who became officers and employees of Technical Building Services. The action sought to restrain defendants from using plaintiff's trade secrets and confidential information and to recover damages for misappropriation of such information. On September 10, 1981, plaintiff moved, by way of order to show cause, for a preliminary injunction. The order to show cause granted, ex parte, a temporary restraining order enjoining defendants from

soliciting, servicing and entering into maintenance contracts with plaintiff's then current or prospective customers pending determination of the motion for a preliminary injunction. One of defendants moved to vacate the temporary restraining order, but Special Term inexplicably never made a determination on the motion. On January 6, 1982, Special Term denied the motion for a preliminary injunction and vacated the temporary restraining order.

In May of 1982, defendants moved to compel plaintiff to file an undertaking *nunc pro tunc* and to assess damages sustained by defendants as a result of the temporary restraining order. The parties then stipulated that "in lieu of an undertaking, the plaintiff, HONEYWELL, will be fully responsible for payment of a judgment rendered against HONEYWELL in favor of TBS, for damages, if any, resulting from the temporary restraining order". The parties further stipulated to damages in the amount of $5,000. The issue of whether plaintiff was liable for damages went to a nonjury trial. Trial Term ruled in favor of defendants and plaintiff appeals.

Initially, plaintiff argues that, since the temporary restraining order was not conditioned on the posting of an undertaking, defendants cannot seek damages. Absent proof of malice, the sole remedy for damages suffered due to an improperly issued preliminary injunction is to proceed against the undertaking (see *De Carlo v Sanese,* 65 AD2d 945; 7A Weinstein-Korn-Miller, NY Civ Prac, par 6315.05). It must be kept in mind that there is no common-law cause of action for damages sustained by an improperly procured preliminary injunction, nor does CPLR 6315 create a statutory cause of action. The basis for damages is the undertaking itself which is a contract between the parties "that the plaintiff, if it is finally determined that he was not entitled to an injunction, will pay to the defendant all damages and costs which may be sustained by reason of the injunction" (CPLR 6312, subd [b]). Where, for whatever reason, an undertaking is not posted as a condition for a preliminary injunction or a temporary restraining order, the enjoined party is without a remedy unless he can prove malice.[*] In such a case, after the preliminary injunction

---

[*] An undertaking is mandatory where a preliminary injunction is granted (CPLR 6312, subd [b]). An undertaking is discretionary where a temporary restraining order is

expires or has been vacated, the party against whom it was issued cannot move to have an undertaking set *nunc pro tunc* for the purpose of seeking damages on the theory that CPLR 6315 creates a cause of action for damages, with the undertaking simply setting the limit of damages (*Quandt's Wholesale Distrs. v Giardino,* 89 AD2d 669). This is because the undertaking is the source of liability, not CPLR 6315, and, after the injunction expires or is vacated, the issue of whether an undertaking should be posted as a condition therefor becomes academic.

Turning to the instant case, since no undertaking was posted as a condition for the temporary restraining order, defendants cannot seek damages pursuant to CPLR 6315. The lack of an undertaking was not cured or waived by the stipulation since it cannot create an obligation where none existed. However, the stipulation, being contractual in nature, created a new obligation on the part of plaintiff. It is out of the stipulation that plaintiff's liability arises.

Dealing with the issue of whether defendants were properly awarded damages, we hold that they were. Plaintiff stresses that a determination has not been made as to whether the temporary restraining order was properly issued (see *Margolies v Encounter, Inc.,* 42 NY2d 475). In light of the foregoing discussion, it is apparent that this point is irrelevant. Where the claim for damages is based on an undertaking, the issue of whether the injunction was properly issued is crucial since CPLR 6312 (subd [b]) requires that the undertaking provide for liability "if it is finally determined that [plaintiff] was not entitled to an injunction". In the instant case, liability is premised on the stipulation, and it simply provides that plaintiff will be liable "for payment of a judgment rendered against HONEY-WELL in favor of TBS, for damages, if any, resulting from the temporary restraining order". There is no condition to plaintiff's obligation that it be proven that it was not entitled to the temporary restraining order. The only element to the obligation is that defendants suffered damages

---

granted (CPLR 6313, subd [c]) since such order should only last for a brief period of time (see Siegel, NY Prac, § 330, p 403). In the instant case, the temporary restraining order ultimately lasted about four months. In such cases, where the temporary restraining order becomes, in effect, a preliminary injunction, an undertaking should be required.

as a result of the temporary restraining order. Defendants clearly proved this element.

In conclusion, while the obligation assumed by plaintiff herein is more generous than that normally assumed by a party obtaining a preliminary injunction, the stipulation was entered into voluntarily. Therefore, Trial Term properly awarded damages to defendant.

KANE, J. (concurring). Although we agree with the result reached by the majority and with their finding that plaintiff's liability arises out of the stipulation, we must disagree with their interpretation of the parties' stipulation.

Plaintiff stipulated on the record that the damages amounted to $5,000 and submitted to Trial Term the question, "Are defendants entitled to damages, as a matter of law?" If we accept the majority's reading of the stipulation, there would have been no reason to submit the matter to Trial Term, for plaintiff would have conceded its entire case. Consequently, in our opinion, the provisions of CPLR 6312 (subd [b]) must be read into the stipulation (see, also, CPLR 6313, subd [c]).

Paragraph 2 of the initial stipulation provided that:

"the Court refer this matter as soon as practicable with a preference for determination of the following issues:

"(1) whether TBS is entitled to damages

"(2) the amount of damages."

Although the parties subsequently stipulated to the amount of damages, they did not stipulate with respect to plaintiff's liability. In this regard, it should be noted that defendants agree upon appeal that in the above-quoted paragraph, the parties agree that liability would be determined by Trial Term pursuant to the guidelines contained in CPLR 6312 (subd [b]).*

Thus, the merits of this appeal must be addressed in light of the provisions of CPLR 6312 (subd [b]), which provide that "the plaintiff, if it is finally determined that

---

* In its brief on appeal, defendants' counsel admits that by the stipulation, plaintiff "preserved the right to contest the legal issue raised in point one of this memorandum of law". Point one, *inter alia,* concerns the issue of whether the temporary restraining order was properly issued and whether damages resulting from temporary restraining orders are available prior to a final determination of injunctive relief.

he was not entitled to an injunction, will pay to the defendant all damages and costs which may be sustained by reason of the injunction".

Plaintiff first contends that damages resulting from temporary restraining orders are not available until there has been a final determination with respect to injunctive relief. However, the Court of Appeals has rejected such a position as it relates to damages available under preliminary injunctions (see *Margolies v Encounter, Inc.,* 42 NY2d 475). Similarly, damages sustained as a result of an improperly granted temporary restraining order should be recoverable as soon as it is finally determined that plaintiff was not entitled to the preliminary injunction.

Finally, plaintiff's argument that damages are unavailable because the temporary restraining order was found to be properly granted is without merit. Contrary to plaintiff's contention, no determination was made finding the restraining order to have been properly granted (see CPLR 6313, subd [c]).

CASEY and WEISS, JJ., concur with MAHONEY, P. J.; KANE and LEVINE, JJ., concur in a separate opinion by KANE, J.

Judgment affirmed, with costs.