■ DORAN & ASSOCIATES, INC., Respondent, v ENVIROGAS, INC., Appellant.—Order unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: On September 10, 1973, an oil and gas lease of a 120-acre parcel of land in the Town of French Creek was granted by the owners to Oxford Associates (Oxford) for a 10-year term. Thereafter, Oxford assigned the lease to Consolidated Gas Supply Corp. (Consolidated). On April 20, 1982, Consolidated assigned the lease to plaintiff. In the meantime, the owners granted to defendant a top lease, dated January 28, 1981, which would become effective at the expiration of all prior oil and gas leases of the parcel.

The principal issue presented on this appeal is whether the 120-acre parcel was, in good faith, unitized or pooled with an adjacent parcel on which plaintiff has a leasehold of oil and gas before the expiration of the 10-year term. If it was, the original lease of the 120-acre parcel will continue for so long as the well drilled by plaintiff on the adjacent parcel produces oil or gas in paying quantities; if it was not, defendant's top lease became effective on September 10, 1983 when the 10-year term of the original lease expired. Special Term denied defendant's motion for summary judgment and granted plaintiff's cross motion for summary judgment. Since there are questions of fact presented in the record which preclude granting summary judgment to either party (*see, Zuckerman v City of New York,* 49 NY2d 557; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065), the order must be modified accordingly.

The original lease between the owners and Oxford granted to Oxford the right to unitize or pool the parcel with other leased premises so as to form a pool of not more than 640 acres. The pooling clause did not specify, however, the manner in which pooling was to be accomplished. The "farm-out agreement" between Consolidated and plaintiff, pursuant to which Consolidated assigned the lease to plaintiff, contained a pooling and unitization clause as follows: "The parties hereto contemplate that the voluntary pooling and/or unitization of interests under the terms of the leases listed in Exhibit A may become desirable and Consolidated agrees to join in the execution of declarations of pooling or unit agreements prepared by

Operator and approved by Consolidated as to form and content necessary to effectuate said pooling and/or unitization."

Special Term held, erroneously, that unitization could be accomplished by plaintiff independent of any action or approval by Consolidated. In our view, the pooling and unitization clause, reasonably interpreted, required that a unit operation designation agreement be approved and executed by Consolidated before pooling or unitization would be effective. That interpretation finds support in the examination before trial testimony of plaintiff's representative who described the procedures employed by Consolidated and plaintiff to effect unitization.

Here, plaintiff prepared a unit operation designation, dated August 12, 1983, unitizing the 120-acre parcel with the adjacent parcel. While the unit operation designation agreement shows execution by plaintiff on August 12, 1983, its letter of August 17, 1983 transmitting the agreement for Consolidated's execution indicates that the agreement had not yet been executed by plaintiff. There is no evidence in the record as to when the designation was executed by Consolidated, but the document shows acknowledgment of its execution on September 22, 1983. While it may be that Consolidated approved the form and content of the designation and joined in its execution prior to that date, the record does not resolve the issue.

Additionally, we have previously held that a lessee must exercise its pooling authority in good faith and as a prudent operator (*Envirogas, Inc. v Consolidated Gas Supply Corp.,* 98 AD2d 119). Here, the unit operation designation unitizes only the 120-acre parcel with the adjacent parcel, creating a unit of 255 acres, and plaintiff has drilled a single well on the adjacent parcel. In light of the geological evidence contained in the record, a fact question is obviously presented as to whether plaintiff acted in good faith in such a pooling. The good-faith/prudent operator standard is not rendered inapplicable merely because the owner of the unitized parcels ratifies the pooling agreement. ECL 23-0301 is intended to protect not only the rights of interested parties, but those of the general public as well.

There are, therefore, questions of fact as to whether unitization and pooling of the 120-acre parcel with the adjacent parcel were completed by plaintiff and Consolidated before the expiration of plaintiff's leasehold (*see, Zuckerman v City of New York,* 49 NY2d 557, *supra; Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, *supra*).

Finally, there is no merit to defendant's claim that it is entitled to damages resulting from the issuance on October 23, 1983 of a temporary restraining order enjoining it from drilling an oil or gas well on another parcel adjoining the 120-acre parcel. Absent a showing of plaintiff's bad faith under circumstances amounting to malicious prosecution, damages resulting from an improperly issued temporary restraining order are limited to the amount of the undertaking required to be filed (*City of Yonkers v Federal Sugar Refining Co.*, 221 NY 206; *Brooklyn Consol. Lbr. Corp. v City Plastering Co.*, 236 App Div 799; 12 Carmody-Wait 2d, NY Prac §§ 78:64, 78:121; *see,* CPLR 6312 [b], 6315; *Margolies v Encounter, Inc.*, 42 NY2d 475, 477). Here, in the exercise of its discretion, the court did not require plaintiff to give an undertaking prior to the granting of the temporary restraining order (CPLR 6313 [c]), and defendant's first counterclaim fails to allege malicious prosecution. (Appeal from order of Supreme Court, Chautauqua County, Adams, J.—summary judgment.) Present—Dillon, P. J., Hancock, Jr., Doerr, Denman and O'Donnell, JJ.