■ J. A. PRESTON CORPORATION et al., Respondents, v FABRICATION ENTERPRISES, INC., et al., Appellants.—Order reversed, on the law, without costs, and motion denied. Memorandum: In spite of language in *Margolies v Encounter, Inc.* (42 NY2d 475) which, taken literally, might lead to a contrary result, we conclude that a plaintiff who has been granted a

preliminary injunction is not entitled to an order discharging the undertaking solely because he has been successful on the appeal from the order granting the preliminary injunction. In *Margolies (supra,* p 477), the court held "that the purpose and function of an undertaking given by a plaintiff pursuant to the provisions of CPLR 6312 (subd [b]), prior to the granting of a preliminary injunction, is to reimburse the defendant for damages sustained if it is later finally determined that the preliminary injunction was erroneously granted." There, the preliminary injunction was vacated on appeal and later the action was discontinued. The Court of Appeals held that defendant was entitled to resort to the undertaking for its damages even though the action did not proceed to final judgment. The result was fair and proper since the defendant had been damaged by the issuance of a preliminary injunction which, as finally determined, plaintiffs should not have been granted.

Until the action is finally determined or discontinued, however, any motion to discharge the bond is premature. "In many, even most, instances the entitlement to the preliminary injunction will parallel the plaintiff's right to a permanent injunction or to other relief he seeks in the main action" *(Margolies v Encounter, Inc., supra,* p 479). "Findings and judgment in favor of the defendant, after hearing the cause on the merits, constitute, ordinarily, a final decision that plaintiff was not entitled to an injunction pendente lite, as well as an adjudication that he has no cause of action for a permanent injunction; although to have such effect the disposition of the case must be based on insufficiency of the cause stated or shown" (12 Carmody-Wait 2d, NY Prac § 78:122, at 328 [2d ed 1966]; *see also, Dooley v Anton,* 14 AD2d 60, *appeal dismissed* 12 NY2d 878). Although a preliminary injunction may be justified based on the showing made on the motion, further consideration after a full trial on the merits may prove that plaintiff was not entitled to the injunction. Thus, when the action is not discontinued, the affirmance on appeal of the preliminary order should not be considered to be the final determination. Defendant should be entitled to the benefit of the undertaking until the question is "finally determined" (CPLR 6312 [b]) after a trial.

The decision of the Judicial Hearing Officer, although it may seem to be supported by the language, but not the result, in *Margolies (supra),* is unjust. Preliminary injunctions are commonly granted to preserve the status quo even though the plaintiff's right to ultimate relief has not been proven. A

preliminary injunction may be justified in the first instance, but after it is ultimately determined that the plaintiff has no cause of action, the defendant should be entitled to recompense for any damages he sustained by being enjoined from doing what he had a right to do. The holding is unjust also because it unfairly penalizes a defendant who unsuccessfully appeals from an order granting a preliminary injunction. Had defendants not appealed the order granting the preliminary injunction, plaintiffs would not have been entitled to a discharge of the bond until the final outcome of the action, and if the action were resolved against plaintiffs on the merits, defendants would have been entitled to resort to the undertaking to recover their damages.

This result is not inconsistent with the result in *Margolies (supra).* In both cases, defendants should be compensated for damages they sustained by reason of being enjoined when they had a right to act. Moreover, both results carry out the legislative intent. It is unreasonable to believe that the Legislature, in enacting CPLR 6312 (b), intended to indemnify a defendant only for damages resulting from the improvident actions of a court in erroneously granting a preliminary injunction, and not also for damages resulting from a preliminary injunction providently granted in the first instance, but finally proven to be unwarranted.

All concur, except Callahan, J. P., and Doerr, J., who dissent and vote to affirm, in the following memorandum.

Callahan, J. P., and Doerr, J. (dissenting). We respectfully dissent. The holding of the majority, which erroneously equates defendant's entitlement to recover damages pursuant to CPLR 6312 (b) with whether defendant has prevailed on the merits, violates the holding of the Court of Appeals in *Margolies v Encounter, Inc.* (42 NY2d 475). The majority cites only one case at the appellate level for its premise that a judgment in favor of defendant constitutes a final decision that plaintiff was not entitled to a preliminary injunction *(see, Dooley v Anton,* 14 AD2d 60). However, this case was decided some 16 years before the Court of Appeals decision in *Margolies (supra),* and we submit that *Dooley (supra)* has no vitality in light of the subsequent holding of the Court of Appeals in *Margolies (supra).* The position taken today by the majority—that defendant's entitlement to resort to the undertaking posted by plaintiff to recover its damages is dependent upon whether plaintiff has prevailed on the merits of the action—was specifically rejected by the Court of Appeals in *Margolies (supra,* p 479). The court stated: "the statute refers to a final determina-

tion that the plaintiffs were not entitled to [a] *preliminary injunction,* rather than a determination with respect to their right to a permanent injunction or other favorable outcome on the merits of the main action. The proper focus is on the propriety of the issuance of the preliminary injunction when it was granted at the commencement of the action" *(Margolies v Encounters, Inc., supra,* p 479; emphasis added). The court further held: "The defendant's right to damages depends on whether the plaintiff was entitled to the preliminary injunction, *not on whether the defendant eventually prevails on the merits" (Margolies v Encounter, Inc., supra,* p 479; emphasis added). In holding as they do today, the majority has chosen to ignore this express language in *Margolies (supra)* in an effort to substitute their own sense of what is "fair" and "just".

We find completely unpersuasive the majority's attempt to distinguish *Margolies (supra)* on the ground that, in that case, the action was discontinued on consent, whereas in the present case the action proceeded to a trial on the merits. The final outcome in the underlying action is irrelevant, and the fact that the action was discontinued or resolved in a trial on the merits is a distinction without a difference. It is obvious that the Legislature, in enacting CPLR 6312, has not seen fit to attach any significance to the final outcome of the action *(see, Margolies v Encounter, Inc., supra,* p 480). In their holding, the majority refuse to honor the express language and intent of the statute.

Clearly, defendants are not entitled to damages, pursuant to CPLR 6312 (b), if it is finally determined that plaintiffs were entitled to the preliminary injunction when it was issued. Rather than proceeding directly to trial, defendants chose to have the question of the propriety of the preliminary injunction reviewed by this court in an expedited appeal. When this court affirmed the granting of the preliminary injunction, it determined plaintiffs' entitlement to the same. This determination was not appealed; therefore, it has become the law of the case, and no further determination is either appropriate or necessary. Because the propriety of the preliminary injunction has been finally determined, the hearing officer properly discharged plaintiffs' undertaking. We do not share in the concern of the majority that defendants are being penalized for their decision to appeal from the order granting the preliminary injunction. It was defendants' choice to litigate that issue prior to trial. Plaintiffs were required to defend the issuance of the preliminary injunction in a prior expedited appeal and were successful. We know of no authority which

would require them to relitigate the identical issue simply because they were unsuccessful in their action seeking a permanent injunction. To hold otherwise is to regard our earlier decision as an advisory opinion, something in which we do not indulge, and plaintiffs' victory on appeal as meaningless. Such interpretation of the judicial process is simply wrong. (Appeal from order of Supreme Court, Herkimer County, Aronson, J. H. O.—discharge undertaking.) Present— Callahan, J. P., Doerr, Boomer, Green and Pine, JJ.