■ MARIE PILATO et al., Doing Business as LA SCARPETTA, Respondents, v VERETTA ENTERPRISES, INC., Appellant.—Appeal unanimously dismissed, without costs. Memorandum: Defendant appeals from an order granting plaintiffs' motion for a preliminary injunction enjoining defendants from selling shoes in its store at the Village Gate Square in Rochester. At oral argument we were informed that the parties have stipulated to terminate the preliminary injunction, but to continue the $5,000 undertaking during the pendency of the action. On this appeal, defendant seeks a ruling whether the preliminary injunction was properly granted for the purpose of determining its right to proceed against the undertaking. In view of the stipulation, there is no need for this court to render an advisory opinion regarding the propriety of the preliminary injunction. Here, unlike in the case of *Margolies v Encounter, Inc.* (42 NY2d 475), the action has not been discontinued; hence, the right to recovery upon the undertaking can be determined after trial *(see, Preston Corp. v Fabrication Enters.,* 117 AD2d 997). (Appeal from order of Supreme Court, Monroe County, Bergin, J.—preliminary injunction.) Present—Dillon, P. J., Boomer, Green, Pine and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERALD STITH, Appellant.—Judgment unanimously affirmed. Memorandum: The trial court did not abuse its discretion in refusing to adjourn the trial for four days and defendant's right to counsel was not denied thereby. Other issues raised by defendant, including the sufficiency of the evidence, have been examined and found to be without merit. (Appeal from judgment of Supreme Court, Monroe County, Scudder, J.— burglary, third degree, and resisting arrest.) Present—Callahan, J. P., Doerr, Denman, Balio and Schnepp, JJ.