■ In the Matter of TECHNICARE CORPORATION, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents.—Order, Supreme Court, New York County (David H. Edwards, Jr., J.), entered October 17, 1985, which granted respondent Siemens' motion pursuant to CPLR 6315 and directed a reference to ascertain damages resulting from a preliminary injunction issued against Siemens in the Supreme Court and a temporary restraining order issued against Siemens in the Appellate Division, and denied Technicare's cross motion to discharge an undertaking filed to cover damages resulting from the temporary restraining order issued in the Appellate Division, unanimously modified, on the law, without costs, to vacate that portion of the order which directed a reference to ascertain damages resulting from the preliminary injunction issued in the Supreme Court, and as so modified, affirmed.

The essential facts are uncontested. In 1982, petitioner-appellant Technicare Corporation submitted a lower bid than respondent-respondent Siemens Corporation to the New York City Health and Hospitals Corporation (HHC) for the sale and installation of four CT scanners, sophisticated X-ray machines. HHC rejected Technicare's bid because Technicare's CT scanner did not have a "dynamic scanning" feature which permitted more effective results when used on agitated patients. Dynamic scanning was a required feature in HHC's bid specifications. Accordingly, HHC awarded the contract to Siemens as the lowest bidder meeting all the specifications set forth in the bids request.

On June 23, 1983, Technicare commenced a CPLR article 78 proceeding to annul the contract awarded to Siemens and to direct HHC to award the contract to Technicare, and in connection therewith sought a preliminary injunction restraining Siemens from installing its CT scanners in HHC's

facilities. On July 29, 1983, Justice Hansel L. McGee granted Technicare's motion for a preliminary injunction restraining installation by Siemens of the first of the four CT scanners pending hearing of the article 78 petition which was scheduled for August 8. Justice McGee entered his initials in the space on the submitted order which would have designated the dollar amount of Technicare's undertaking, and accordingly, without designation of a dollar amount, no bond was filed by Technicare. After a hearing on August 8, 1983, Justice Burton S. Sherman denied and dismissed the petition, but continued the preliminary injunction until August 12, 1983, to maintain the status quo while Technicare applied for a continuation of injunctive relief in the Appellate Division.

On August 11, 1983, Justice Asch of this court granted Technicare's application for a temporary restraining order (denominated an "interim stay") pending determination by this court of Technicare's motion pursuant to CPLR 5518 for a preliminary injunction pending appeal, conditioned upon Technicare's filing of an undertaking in the amount of $100,000, which was thereafter filed. On September 6, 1983, after considering the papers submitted in support and in opposition to the motion, this court determined that Technicare's motion should be denied, and the parties were notified by telephone on that date of that determination. An order was entered on September 15, 1983, which provided that the conditions of the "interim stay" theretofore granted by Justice Asch remained in effect pending notice to the parties on September 6, 1983. On December 13, 1983, this court affirmed without opinion [98 AD2d 1001] the order of Justice Sherman which had denied and dismissed Technicare's article 78 petition on the merits. Technicare did not seek to appeal to the Court of Appeals and it has accordingly been finally determined within the meaning of CPLR 6312 (b) that Technicare was not entitled to an injunction in connection with its article 78 proceeding.

In April 1984, Siemens moved pursuant to CPLR 6315 to ascertain the damages sustained by reason of the preliminary injunction issued by the Supreme Court and the temporary restraining order issued in the Appellate Division by Justice Asch. Technicare cross-moved to discharge the undertaking filed in connection with the temporary restraining order. By decision and order entered October 17, 1985, Special Term granted Siemens' motion to ascertain damages, referred hearing of the matter to the Office of Referees, and denied Technicare's cross motion to discharge the undertaking. This appeal

by Technicare followed. The claims between Technicare and HHC were settled, leaving Technicare and Siemens as the remaining parties to this appeal.

Special Term's order must be modified to the extent of vacating that portion which would permit Siemens to recover damages resulting from the preliminary injunction issued in the Supreme Court, inasmuch as no undertaking was ever filed in respect to that order, and it is well established in this State that "the undertaking is the source of liability and, therefore, absent an undertaking there is no right, short of an action for malicious prosecution, to recover for damages resulting from the issuance of court process." *(Preston Corp. v Fabrication Enters.,* 68 NY2d 397, 401; *see also, Doran & Assocs. v Envirogas, Inc.,* 112 AD2d 766, *appeal dismissed* 66 NY2d 758.)

We affirm that portion of Special Term's order which granted Siemens' motion to ascertain damages resulting from the temporary restraining order issued by Justice Asch. *Preston Corp. v Fabrication Enters.* (68 NY2d 397, 404-405, *supra)* clearly establishes that liability under CPLR 6312 (b) depends on a final determination of the rights between the parties. When this court affirmed the denial and dismissal of Technicare's article 78 petition, and the time for taking a further appeal expired, it was finally established on the merits that Technicare was not entitled to an injunction.

Technicare argues in effect that the determinative question here is whether Siemens can establish that Justice Asch abused his discretion in granting a temporary restraining order pending this court's determination of the motion for a preliminary injunction, and cites certain language in the opinion in *Margolies v Encounter, Inc.* (42 NY2d 475, 479) to support that view.

The Court of Appeals in *Preston Corp. v Fabrication Enters.* (68 NY2d 397, 407-408, *supra)* took particular care to point out that the language used in the *Margolies* opinion (42 NY2d, *supra,* at 479) was limited in its application to the particular facts presented in that case. Certainly, without this caveat, some of the language used in the *Margolies* opinion could be misleading, and indeed prompted one leading treatise to conclude (prior to the Court of Appeals decision in *Preston)* that in *Margolies* "it was held once and for all that the defendant's right to damages depends on whether the plaintiff was entitled to the preliminary injunction, not on whether the defendant eventually prevails on the merits." (7A Weinstein-Korn-Miller, NY Civ Prac ¶ 6312.15, at 63-176.)

That this is not now an entirely accurate statement of the law was made clear in *Preston (supra),* a case wherein the Appellate Division had affirmed an order granting a preliminary injunction, thus establishing in one sense that the plaintiffs were "entitled to an injunction", but *not* in the sense which was held determinative within the meaning of CPLR 6312 (b). Responding to essentially the same argument as is here raised by Technicare, the court stated (68 NY2d, *supra,* at 406): "What plaintiffs' arguments ignore is that liability under CPLR 6312 (b) turns on whether 'it is finally determined that [plaintiff] was *not* entitled to an injunction' (emphasis supplied). To be entitled to a preliminary injunction, the moving party must demonstrate (1) a likelihood of success on the merits, (2) irreparable injury if provisional relief is not granted and (3) that the equities are in his favor *(Grant Co. v Srogi,* 52 NY2d 496, 517). Thus a preliminary injunction, even when issued after an evidentiary hearing, depends upon probabilities, any or all of which may be disproven when the action is tried on the merits, and the affirmance of an order granting a preliminary injunction determines no more than that the discretion exercised in favor of granting the order was not based upon a demonstration of those probabilities so insufficient as to constitute an abuse of discretion. In short, the Appellate Division's prior order, though final in the sense that it could not be further appealed, determined only that plaintiffs had made a sufficient showing to warrant provisional relief but did not foreclose the possibility that it would be finally determined that plaintiffs were 'not entitled to an injunction' and, therefore, did not authorize discharge of the undertaking." Concur—Sandler, J. P., Milonas, Kassal and Wallach, JJ.