STRAISA REALTY CORP., Respondent, v WOODBURY ASSOCIATES, Appellant, et al., Defendants.

Second Department, January 19, 1993

## APPEARANCES OF COUNSEL

*Milton Jonas,* Garden City *(Ronald J. Rosenberg* of counsel), for appellant.

*Jacob Rabinowitz,* New York City *(Leonard Eli Bronner* of counsel), for respondent.

## OPINION OF THE COURT

MILLER, J.

The principal issue presented by this appeal is whether an interlocutory order of the Appellate Division, vacating a preliminary injunction, is a final order within the meaning of CPLR 6312 (b) so that the defendant is entitled to summary ascertainment of damages on the undertaking posted by the plaintiff, where the underlying action, *inter alia,* for equitable relief, has not yet been decided. For the reasons that follow, we hold that such an order is not "final" within the meaning of the aforementioned statute.

The defendant Woodbury Associates (hereinafter Woodbury) is the owner of a portion of the Woodbury Commons shopping center in Woodbury, Long Island. The plaintiff Straisa Realty Corp. (hereinafter Straisa) is a tenant of the defendant and operates a jewelry store in the Woodbury Commons. In settlement of a prior dispute over Woodbury's alleged breach of an exclusivity clause in Straisa's lease, the parties entered into an agreement, added as a rider to Straisa's lease, pursuant to which Woodbury agreed to offer Straisa an option to lease the store immediately adjacent to the north of Straisa's present store. It appears that the terms of this agreement were subsequently ignored by the parties. Factual questions remain as to whether Woodbury was in breach of the option agreement or whether Straisa waived its rights thereunder.

Straisa subsequently commenced an action, *inter alia,* alleging that Woodbury breached the agreement by agreeing to lease the adjacent store to the defendant Highlanders, Inc. Straisa demanded, *inter alia,* damages and specific performance of the agreement. Thereafter, Straisa obtained a preliminary injunction enjoining Woodbury from carrying out its agreement to lease the store to the defendant Highlanders pending the determination of its claim for specific performance, contingent upon Straisa posting undertakings in the total amount of $30,000.

On appeal, this Court reversed the order preliminarily

enjoining Woodbury from leasing the adjacent store and vacated the preliminary injunction *(Straisa Realty Corp. v Woodbury Assocs.,* 154 AD2d 453). In pertinent part, this Court found that Straisa had not established a likelihood of success on the merits of its claim for equitable relief, as an award of damages could make it whole in the event that it established that Woodbury had in fact breached the option agreement. Additionally, we found that Straisa had apparently not acted in a manner consonant with a true threat of irreparable harm absent a preliminary injunction *(Straisa Realty Corp. v Woodbury Assocs., supra).*

Based upon our determination vacating Straisa's preliminary injunction, Woodbury brought the instant motion to ascertain the damages it had sustained as a result of holding the adjacent store vacant during the pendency of the preliminary injunction. Woodbury argued that this Court's order vacating the preliminary injunction "finally determined", within the meaning of CPLR 6312 (b), that Straisa was not entitled to a preliminary injunction and that Woodbury was accordingly entitled to an ascertainment of damages sustained by reason of the injunction (CPLR 6315). The Supreme Court rejected Woodbury's contentions and this appeal ensued. We now affirm.

CPLR 6301 provides that a plaintiff may obtain a preliminary injunction "where it appears that the defendant threatens or is about to do, or is doing * * * an act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual". The instant action seeks, *inter alia,* specific performance of the option agreement. The plaintiff obtained a preliminary injunction enjoining the defendant from leasing the adjacent store alleging that that act would violate its rights with respect to the subject of the action.

Recognizing that a preliminary injunction may adversely affect the rights of a defendant pending the determination of the action, CPLR 6312 (b) provides: "prior to the granting of a preliminary injunction, the plaintiff shall give an undertaking in an amount to be fixed by the court, that the plaintiff, if it is finally determined that he was not entitled to an injunction, will pay to the defendant all damages and costs which may be sustained by reason of the injunction". Should it be "finally determined" that the plaintiff was not entitled to a preliminary injunction, CPLR 6315 provides that "[t]he damages

sustained by reason of a preliminary injunction * * * may be ascertained upon motion".

In arguing that this Court's prior order vacating Straisa's preliminary injunction was a "final determination" within the meaning of CPLR 6312 (b), Woodbury relies upon the decision of the Court of Appeals in *Margolies v Encounter, Inc.* (42 NY2d 475). In that case, however, the underlying action was discontinued after the preliminary injunction was vacated. The appellate determination that the plaintiffs were not entitled to a preliminary injunction was, in fact, the "final determination" of that issue in that case, as the discontinuance of the action precluded a further judicial determination of the issue. Clearly, in light of the discontinuance of the underlying action, the Appellate Division determination vacating the preliminary injunction was final and the issue of liability on the undertaking could be determined with certainty. In *Preston Corp. v Fabrication Enters.* (68 NY2d 397, 407), however, the Court of Appeals substantially limited the holding of *Margolies* to its "particular facts". As the Court of Appeals explained in *Preston:* "a preliminary injunction, even when issued after an evidentiary hearing, depends upon probabilities, any or all of which may be disproven when the action is tried on the merits, and the affirmance of an order granting a preliminary injunction determines no more than that the discretion exercised in favor of granting the order was not based upon a demonstration of those probabilities so insufficient as to constitute an abuse of discretion" *(Preston Corp. v Fabrication Enters.,* 68 NY2d 397, 406, *supra).*

Accordingly, the Court of Appeals rejected the plaintiff's claim that its undertaking should be discharged following an affirmance by the Appellate Division of an order granting it a preliminary injunction. The converse of the reasoning of the Court of Appeals, however, may be equally true. Our prior order vacating the preliminary injunction did not determine, as a matter of law, that Straisa could not prevail on its claims for equitable relief; we determined only that at that juncture, Straisa had not made the requisite showing of probabilities. Straisa may yet prevail on its equitable claims, in which case the preliminary injunction it obtained would not, in hindsight, have been improvidently granted, notwithstanding our assessment of the deficiencies of Straisa's showing at that time. Accordingly, for purposes of finally determining the propriety of a preliminary injunction to ascertain whether liability will attach as a consequence of the award thereof, the "final

determination" envisioned by CPLR 6312 (b) is the final determination of the merits of the plaintiff's claim for equitable relief.

That an interlocutory appellate vacatur of a preliminary injunction is not a "final determination" within the meaning of CPLR 6312 (b) pursuant to which liability accrues on an undertaking was made clear by the Court of Appeals in *Preston* (68 NY2d 397, *supra).* In limiting its prior holding in *Margolies (supra),* the Court in *Preston* stated: " 'An order, made pending a suit, dissolving a temporary injunction, by no means determines that the party in whose favor it has been granted may not be entitled to that relief at the final decision of the cause * * * In most cases, therefore, if not in all, a reference ordered before judgment, to ascertain the damages to be recovered upon the undertaking or security, would be premature.' *(See also, New York Sec. & Trust Co. v Lipman,* 83 Hun 569, 571.)" *(Preston Corp. v Fabrication Enters.,* 68 NY2d 397, 407-408, n 9, *supra,* quoting *Methodist Churches v Barker,* 18 NY 463, 465.)

Although the foregoing was stated in dictum, we are nevertheless persuaded that the instant action should be permitted to continue to a final judgment on the merits of Straisa's claim for equitable relief before Woodbury may attempt to ascertain and collect the damages that it sustained as a result of the preliminary injunction awarded to Straisa *(see also, Schenectady Chems. v Flacke,* 145 AD2d 678; *Matter of Technicare Corp. v New York City Health & Hosps. Corp.,* 131 AD2d 371; *Pilato v Veretta Enters.,* 122 AD2d 598). However, until the action is concluded on the merits, Straisa's undertaking should not be discharged and should remain in effect in the event that it is finally determined that Straisa is not entitled to equitable relief, so that Woodbury's source of recovery for the damages it allegedly sustained as a result of the injunction *(see, Honeywell, Inc. v Technical Bldg. Servs.,* 103 AD2d 433), should it finally be determined to have been wrongfully granted, remains viable.

THOMPSON, J. P., PIZZUTO and SANTUCCI, JJ., concur.

Ordered that the order is affirmed insofar as appealed from, with costs.