■ FOREST LABORATORIES, INC., Appellant, v HANS LOWEY, Respondent.—In an action, inter alia, for a permanent injunction prohibiting the conveyance or assignment of certain patents and patent applications, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Benson, J.), dated May 7, 1985, as, inter alia, denied those branches of its cross motion which were to dismiss the defendant's claim for damages sustained by him as a result of the granting of a preliminary injunction.

Order affirmed insofar as appealed from, with costs.

In order for the defendant to recover damages sustained as a result of the issuance of a preliminary injunction, there must be a final determination, be it explicit or implicit, that the plaintiff was not entitled to the preliminary injunction (see, CPLR 6312 [b]; Margolies v Encounter, Inc., 42 NY2d 475; Cross Props. v Brook Realty Co., 76 AD2d 445, 457-458). Since the plaintiff's entitlement to the preliminary injunction herein was based upon the same factual allegations involved in the determination of the plaintiff's right to a permanent injunction, the judgment in the defendant's favor with respect to certain claims, and the vacatur of the injunction was equivalent to a final determination that the plaintiff was not entitled to the preliminary injunction with respect to those claims (cf. Pacific Mail S.S. Co. v Toel, 85 NY 646, 647).

Our holding in this case is consistent with Margolies v Encounter, Inc. (supra) and Williams v Montgomery (148 NY 519), both relied upon by the plaintiff. In Margolies v Encounter, Inc. (supra), there was no final determination on the merits of the claim for a permanent injunction. Therefore, the right to recover on the undertaking was based upon a separate determination that the plaintiff was not entitled to a

preliminary injunction. In *Williams v Montgomery (supra,* p 524), the Court of Appeals noted that the dismissal of the plaintiff's complaint seeking an injunction for failure to state a cause of action was an adjudication that the plaintiff was not entitled to the preliminary injunction which had previously been granted and established the defendant's right to damages, subject to a hearing on the amount due.

Since there was, in effect, a final determination that the plaintiff was not entitled to a preliminary injunction in the instant case, Special Term properly directed a hearing only on the issue of damages.

We have considered the plaintiff's other contentions and find them to be without merit. Lawrence, J. P., Eiber, Kunzeman and Kooper, JJ., concur.