■ PETER PERCIASEPE, Appellant, v WILLIAM PREMUROSO et al., Respondents. [616 NYS2d 813] —In an action to recover damages for, *inter alia,* breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Gurahian, J.), dated April 1, 1993, as granted that branch of the defendants' motion which was for summary judgment dismissing the plaintiff's cause of action sounding in breach of contract.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1978 the plaintiff, a volunteer firefighter, was made an honorary member of the Town of Mamaroneck Professional Firefighters Association (hereinafter the Association), a labor organization which is the recognized collective bargaining representative for full time paid firefighters employed by the Town of Mamaroneck. The Association's Constitution and by-laws set forth explicit internal procedures—including notice, trial and appeal—regarding a member's termination from the Association for enumerated instances of misconduct. However, with respect to honorary members, the Constitution merely states that "[Honorary] membership may be revoked for cause". In 1990 the Association voted to revoke the plaintiff's honorary membership for what it deemed to be "just cause".

The plaintiff commenced the instant action alleging, *inter alia,* that the summary revocation of his honorary membership constituted a breach of the Association's Constitution and by-laws. Upon the defendants' motion for summary judgment, the Supreme Court dismissed the plaintiffs' breach of contract cause of action holding in part that while "the constitution and by-laws of an association express the terms of a binding contract between the union and its members", because the Association's Constitution and by-laws are "silent as to the manner and circumstances under which an honorary membership may be revoked * * * they cannot be construed to * * * give rise to a cause of action for breach of contract". We agree.

It is well settled that the " '[i]nterpretation of an unambiguous contract provision is a function for the court' " *(Chimart Assocs. v Paul,* 66 NY2d 570, 572, quoting *Teitelbaum Holdings v Gold,* 48 NY2d 51, 56). "[T]he threshold decision [of]

whether a writing is ambiguous is the exclusive province of the court" *(Sutton v East Riv. Sav. Bank,* 55 NY2d 550, 554) which "must ascertain the intention of the parties from the language which they have employed" *(Carvel Corp. v Rait,* 117 AD2d 485, 487; *see also, Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 291). It is further well-established that "only the existence of a bona fide issue raised by evidentiary facts and not one based on conclusory or irrelevant allegations will suffice to defeat summary judgment" *(Rotuba Extruders v Ceppos,* 46 NY2d 223, 231).

In the case at bar the parties rely solely upon the Association's Constitution and by-laws and, contrary to the plaintiff's assertions, the language employed therein is not ambiguous. The Constitution delineates two separate categories of membership, i.e., a "member" and an "honorary member", and it is clear based on the provisions of the Constitution that an "honorary member" is not entitled to the same rights as a "member" of the Association. Accordingly, the fact that plaintiff was granted honorary membership did not make him a "member" of the Association for purposes of invoking a member's procedural rights with respect to termination. To judicially impose otherwise would be tantamount to re-drafting the Association's Constitution, a result which is neither required under the facts of this case nor necessary in order to fairly interpret the document *(see, Lui v Park Ridge at Terryville Assn.,* 196 AD2d 579). Sullivan, J. P., Santucci, Joy and Krausman, JJ., concur.