■ SUNRISE PLAZA ASSOCIATES, Appellant-Respondent, v INTERNATIONAL SUMMIT EQUITIES CORP., Respondent-Appellant, et al., Defendants. [622 NYS2d 596] —In an action, inter alia, for a permanent injunction, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Cohalan, J.), dated May 3, 1993, which, upon granting the cross motion of the defendant International Summit Equities Corp. for damages it sustained from the issuance of two preliminary injunctions, is in favor of the defendant International Summit Equities Corp. and against it in the sum of $82,661, and the defendant International Summit Equities Corp. cross-appeals, on the ground of inadequacy, from the same order and judgment.

Ordered that the order and judgment is modified by deleting from the decretal paragraph thereof the sum of "$82,661" and substituting therefor the sum of "$125,000"; as so modified, the order and judgment is affirmed, with costs to the respondent-appellant.

The plaintiff commenced this action, inter alia, to enjoin the defendant International Summit Equities Corp. (hereinafter the defendant) from building on property adjacent to the plaintiff's property. The trial court granted a preliminary injunction on the condition that the plaintiff file an undertaking in the sum of $25,000. After the plaintiff posted the undertaking, the trial court determined that the defendant's proposed construction of a building and pedestrian walkway on its property did not violate a restrictive covenant which stated that "no obstruction shall be erected between the adjacent 'common areas' of [the plaintiff's and the defendant's properties]". The trial court found that the defendant was entitled to proceed with the construction and in a judgment dated August 12, 1988, the court vacated the preliminary

injunction. The plaintiff appealed to this Court and by decision and order on motion dated October 17, 1988, we granted a second preliminary injunction for the pendency of the appeal on the condition that the plaintiff file an additional undertaking in the sum of $100,000. After the plaintiff posted the second undertaking, this Court, affirming the judgment, agreed that the defendant's proposed construction did not constitute an "obstruction" as contemplated by the covenant and we vacated the second preliminary injunction *(see, Sunrise Plaza Assocs. v International Summit Equities Corp.,* 152 AD2d 561). In response, the plaintiff moved to terminate the respective undertakings and the defendant cross-moved to ascertain the damage it sustained as a result of the preliminary injunctions. The trial court awarded the defendant $82,661 in damages.

"In order for a defendant to recover damages sustained as a result of the issuance of a preliminary injunction, there must be a final determination, be it explicit or implicit, that the plaintiff was not entitled to the preliminary injunction" *(Forest Labs. v Lowey,* 118 AD2d 828; *see also,* CPLR 6312 [b]). Since the plaintiff's entitlement to the preliminary injunctions herein was based upon the same factual allegations involved in the determination of the plaintiff's right to a permanent injunction, the judgment dated August 12, 1988, in the defendant's favor and the vacaturs of the injunctions were equivalent to a final determination that the plaintiff was not entitled to the preliminary injunctions *(see, Forest Labs. v Lowey, supra)*.

The trial court failed to supply a sufficient rationale for departing from the valuations of the defendant's experts *(see, Yonkers City Post No. 1666 v Bottiglieri,* 143 AD2d 267). The trial court's statement that "we all recognize the state of the economy here on Long Island and the excess of office and real estate available which would also account for the reduced cost in construction" was not sufficiently specific and detailed to justify its disregard of the evidence presented by the defendant's experts that its damages exceeded $500,000 *(see, Yonkers City Post No. 1666 v Bottiglieri, supra)*. Accordingly, we find that the defendant was damaged by each injunction in excess of the undertaking posted for each injunction, and therefore, we modify the award by adopting the valuations of the defendant's architect and appraiser and increasing the award to $125,000, as limited by the undertakings *(see, Honeywell Inc. v Technical Bldg. Serv.,* 103 AD2d 433).

Furthermore, since a surety is only liable to pay an under-

taking from the date of its default and the surety cannot default prior to a final determination of liability, the defendant is not entitled to prejudgment interest *(see, Tuzzeo v American Bonding Co.,* 226 NY 171; *Shea v National Sur. Co.,* 144 Misc 613).

The parties' remaining contentions are without merit. Sullivan, J. P., Rosenblatt, Copertino and Hart, JJ., concur.