(April 9, 1996)

■ CESAR TUESCA, Appellant, v RANDO MACHINE CORP., Respondent and Third-Party Plaintiff, et al., Defendant. AMERICAN WHITE CROSS LABORATORIES, Third-Party Defendant-Respondent. [640 NYS2d 106] —Order of the Supreme Court, Bronx County (Alan J. Saks, J.), entered May 3, 1995, which granted defendant Rando Machine Corp.'s motion for summary judgment dismissing the complaint, is reversed, on the law, without costs or disbursements, the motion denied and the complaint reinstated.

Defendant Rando manufactured a fiber processing machine known as an "even feed". Plaintiff, an employee of American White Cross Laboratories, was injured while attempting to clear cotton, which had jammed in the machine, with a pipe. Although plaintiff had turned the machine off before attempting to clear the cotton, apparently someone had inadvertently turned it on again.

The IAS Court granted defendant summary judgment after finding that there was a substantial modification of the machine in the removal of a plexiglass shield which was the proximate cause of plaintiff's injuries.

The Court of Appeals has found that the duty of a manufacturer is not an "open-ended one", but extends to the design and manufacture of a product safe at the time of sale. "Material alterations at the hands of a third party which work a substantial change in the condition in which the product was sold by destroying the functional utility of a key safety feature, however foreseeable that modification may have been, are not within the ambit of a manufacturer's responsibility" (*Robinson v Reed-Prentice Div.*, 49 NY2d 471, 481). However, the Court of Appeals later noted in *Lopez v Precision Papers* (67 NY2d 871), that the record there presented triable issues of fact concerning whether a forklift, as marketed with an attached but removable overhead safety guard, was not reasonably safe for the uses intended or reasonably anticipated by the manufacturer. In *Lopez*, the Court said: "[T]his court's holding in *Robinson v Reed-Prentice Div.* (49 NY2d 471) does not compel a different result. In contrast with the detaching of the removable safety guard in this case, *Robinson* involved '[m]aterial alterations [i.e., cutting a 6-inch by 14-inch access hole in the

safety gate of a plastic molding machine] which work[ed] a substantial change in the condition in which the product was sold by destroying the functional utility of a key safety feature' (49 NY2d, at p 481). There is evidence in this record that the forklift was purposefully manufactured to permit its use without the safety guard." (*Supra*, at 873.)

Likewise, in the instant case there was evidence in the record presented to the IAS Court that the defendant purposefully manufactured the "even feed machine" to permit its use without the safety plexiglass guard. Thus, it was not permanently affixed to the machine but simply attached by two clips. Further, the defendant's president testified that the recommended method to clean the machine included removal of the safety guard. Accordingly, an issue of fact was raised as to whether the machine was reasonably safe without the removable guard (*see, McAvoy v Outboard Mar. Corp.*, 134 AD2d 245), and the IAS Court should have, therefore, denied defendant's motion for summary judgment. Concur—Wallach, Nardelli, Tom, JJ.

Murphy, P. J., and Ross, J., dissent and would affirm for the reasons stated by Saks, J.