■ PETER EISS et al., Appellants, v SEARS, ROEBUCK AND CO., Respondent. [713 NYS2d 419] —Order unanimously modified on the law and as modified affirmed with costs to plaintiffs in accordance with the following Memorandum: Plaintiffs commenced this action to recover damages for personal injuries sustained by plaintiff Peter Eiss as a result of the partial amputation of his finger while he was using a jointer/planer sold by defendant. Plaintiffs appeal from an order granting defendant's motion for summary judgment dismissing the complaint but, as limited by their brief, challenge only the dismissal of their claims that the product was defectively designed. Supreme Court erred in dismissing those claims, and thus we modify the order by denying that part of defendant's motion seeking dismissal of plaintiffs' causes of action for negligence and strict products liability insofar as they are based on claims of defective design and reinstating those causes of action to that extent. There are triable questions of fact on

the issue whether the device, as marketed with an attached but easily removable "cutter guard", was not reasonably safe for the uses intended or reasonably anticipated by defendant and, further, whether the machine was purposely but defectively designed to permit its use without the cutter guard (*see, Tuesca v Rando Mach. Corp.*, 226 AD2d 157, 157-158, *affd* 89 NY2d 966; *Lopez v Precision Papers*, 67 NY2d 871, 873; *Smith v Minster Mach. Co.*, 233 AD2d 892, 893). (Appeal from Order of Supreme Court, Erie County, Burns, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Hayes, Kehoe and Lawton, JJ.