■ Jose Fernandez, Respondent, v Mark Andy, Inc., Appellant. [776 NYS2d 305]—

In an action to recover damages for personal injuries, the defendant appeals (1) from an order of the Supreme Court, Suffolk County (Burke, J.), dated January 14, 2003, which denied its motion for summary judgment dismissing the complaint, and (2), as limited by its brief, from so much of an order of the same court dated May 8, 2003, as denied that branch of its motion which was for leave to reargue the prior motion.

Ordered that the appeal from so much of the order dated May 8, 2003, as denied that branch of the motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated January 14, 2003, is affirmed, without costs or disbursements.

The Supreme Court improvidently exercised its discretion in denying the defendant's motion for summary judgment solely on the ground that it was untimely pursuant to CPLR 3212 (a), having been filed 122 days after the plaintiff filed his note of issue (*see Krash v Bishop-Sanzari, J.V.,* 309 AD2d 788 [2003]; *Jerry v New York City Hous. Auth.,* 285 AD2d 531 [2001]). In light of the de minimis delay of two days, the plaintiff's failure to object to the motion as untimely, and the lack of prejudice to the plaintiff, the Supreme Court should have decided the motion on the merits (*see Burns v Gonzalez,* 307 AD2d 863 [2003]; *Medina v Barbaro,* 279 AD2d 615 [2001]).

On the merits, however, the motion for summary judgment was properly denied. The law is clear that "a manufacturer of a product may not be cast in damages, either on a strict products liability or negligence cause of action, where, after the product leaves the possession and control of the manufacturer, there is a subsequent modification which substantially alters the product and is the proximate cause of the plaintiff's injuries" (*Robinson v Reed-Prentice Div. of Package Mach. Co.,* 49 NY2d 471, 475 [1980]).

The defendant demonstrated that the label press at issue was manufactured and distributed with safety guards which would have prevented the plaintiff's injuries had they not been removed. However, there was also evidence that the safety guards were easily removable and that the label press was operable without them. Thus, an issue of fact exists as to whether the label press was purposefully manufactured to permit its use without the safety guards (*see Tuesca v Rando Mach. Corp.,* 89 NY2d 966 [1997], *affg* 226 AD2d 157 [1996]; *Lopez v Precision Papers,* 67 NY2d 871 [1986], *affg* 107 AD2d 667 [1985]; *Eiss v Sears, Roebuck & Co.,* 275 AD2d 919 [2000]; *Smith v Day Co.,* 242 AD2d 394 [1997]; *Ayala v V & O Press Co.,* 126 AD2d 229 [1987]). Ritter, J.P., Krausman, Luciano and Cozier, JJ., concur.