■ ANDREA GENNIS et al., Respondents, v POMONA PARK BOARD OF MANAGERS, Appellant. [828 NYS2d 472]—

In an action to permanently enjoin the defendant from undertaking a certain restoration project at Pomona Park Condominiums without the consent of the unit owners, the defendant appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Rockland County (Weiner, J.), dated

January 3, 2006, as amended January 24, 2006, as, upon reargument, vacated that portion of its prior order dated July 29, 2005 denying the plaintiffs' motion for a preliminary injunction, and granted the motion for a preliminary injunction and (2) an order of the same court dated July 5, 2006 as denied its motion for summary judgment dismissing the complaint and to vacate so much of the order dated January 3, 2006, as amended January 24, 2006, as, upon reargument, vacated in part the order dated July 29, 2005, and granted the plaintiffs' motion for a preliminary injunction.

Ordered that the order dated January 3, 2006, as amended January 24, 2006, is reversed insofar as appealed from, on the law, and upon reargument, the determination in the order dated July 29, 2005 denying the plaintiffs' motion for a preliminary injunction is adhered to; and it is further,

Ordered that the appeal from so much of the order dated July 5, 2006, as denied that branch of the defendant's motion which was to vacate so much of the order dated January 3, 2006, as amended January 24, 2006, as, upon reargument, granted the plaintiffs' motion for a preliminary injunction is dismissed as academic; and it is further,

Ordered that the order dated July 5, 2006 is reversed insofar as reviewed, on the law, and that branch of the defendant's motion which was for summary judgment dismissing the complaint is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiffs are unit owners in a multi-building residential condominium complex known as Pomona Park Condominiums (hereinafter the condominium) in Rockland County. The condominium's affairs are governed by the defendant, Pomona Park Board of Managers (hereinafter the board), a nine-member board. The rules and procedures concerning the conduct of the affairs of the condominium are set forth in the condominium's bylaws (hereinafter the bylaws).

Sometime in December 2004 the board undertook a $1.5 million restoration project at the condominium, inter alia, to remove and replace the existing mansard (shingled) roofs, old gutters and leaders, all building entry doors and sidelight units, and old wooden decks throughout the complex. The plaintiff commenced this action to permanently enjoin the project, alleging that the board had acted in contravention of the bylaws by not seeking the consent of the unit owners before undertaking the project. Relying upon a provision of the bylaws that authorizes the board to undertake repairs to and replacement of the common elements without such consent, the board contends that it acted within its authority. We agree.

"The threshold decision of whether a writing is ambiguous is the exclusive province of the court . ; . which must ascertain the intention of the parties from the language which they have employed" (*Perciasepe v Premuroso*, 208 AD2d 511, 511-512 [1994] [internal quotation marks and citations omitted]). "[O]nly the existence of a bona fide issue raised by evidentiary facts and not one based on conclusory or irrelevant allegations [suffices] to defeat summary judgment" (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]; *see Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285, 290 [1973]; *Perciasepe v Premuroso, supra*). "The problem of analysis of the instrument is to determine 'what is the intention of the parties as derived from the language employed' " (*Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., supra* at 291, quoting 4 Williston, Contracts § 600, at 280).

At bar, the board made out a prima facie case entitling it to summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In opposition, the plaintiffs failed to raise a triable issue of fact. Pursuant to article II, section 2 (1) of the bylaws, the board had the power and the duty to make repairs, additions, and improvements to, or alterations of, the property and repairs to and restoration of the property "in accordance with the provisions of the[ ] By-Laws." Article VI [Operation of the Property], section 9 [Maintenance and Repairs] thereof, authorized the board to perform "maintenance, repairs and replacements in or to the Common Elements" without the consent of the unit owners. The provision on which the plaintiffs rely, which required the consent of the unit owners for certain alterations, additions, and improvements, was not applicable to the project at bar, which essentially constituted the replacement of existing building components that had fallen into a state of disrepair. Thus, the Supreme Court should have granted that branch of the board's motion which was for summary judgment dismissing the complaint.

In light of the foregoing, the Supreme Court improperly, upon reargument, granted that branch of the plaintiffs' motion which was for a preliminary injunction, since the plaintiffs failed to demonstrate either a likelihood of ultimate success on the merits or irreparable injury absent the granting of the preliminary injunction (*see J. A. Preston Corp. v Fabrication Enters.*, 68 NY2d 397, 406 [1986]; *Moody v Filipowski*, 146 AD2d 675, 678 [1989]; *Family Affair Haircutters v Detling*, 110 AD2d 745, 747 [1985]). Miller, J.P., Rivera, Skelos and Lunn, JJ., concur.