■ WILLIAM F. HELMER et al., Appellants, v MARC A. COMITO et al., Respondents, et al., Defendants. [877 NYS2d 370]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated June 26, 2007, as amended by an order of the same court dated October 18, 2007, as granted those branches of the motion of the defendants Marc A. Comito, Robert M. Fixell, Ruth Rabiner, Frank Raso, Lynne Schloesser, Arthur J. Wohlers, Clermont Condominium II, and Board of Managers of the Clermont Condominium II which were for summary judgment dismissing the first and third causes of action of the second amended complaint, and denied their cross motion for summary judgment dismissing the first, second, and third affirmative defenses interposed by those defendants.

Ordered that the order, as amended, is affirmed insofar as appealed from, with costs.

The defendant Board of Managers of the Clermont Condominium II (hereinafter the Board) contracted for certain construction work on its condominium buildings. The plaintiffs, the owners of certain units, challenged the Board's authority to enter into the contract, which they contended called for "alterations" or "improvements" requiring a vote of unit own-

ers pursuant to the declaration establishing the condominium (hereinafter the condominium declaration). The Supreme Court, inter alia, granted those branches of the respondents' motion which was for summary judgment dismissing the first and third causes of action of the second amended complaint alleging breaches of fiduciary duty, and denied the plaintiffs' cross motion for summary judgment dismissing the first, second, and third affirmative defenses interposed by the respondents. We affirm insofar as appealed from.

Where a unit owner challenges an action by a condominium Board of Managers, courts apply the business judgment rule (see *Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 539 [1990]; *Acevedo v Town 'N Country Condominium, Section I, Bd. of Mgrs.*, 51 AD3d 603 [2008]; *Schoninger v Yardarm Beach Homeowners' Assn.*, 134 AD2d 1, 10 [1987]). "Under the business judgment rule, the court's inquiry is limited to whether the board acted within the scope of its authority under the bylaws (a necessary threshold inquiry) and whether the action was taken in good faith to further a legitimate interest of the condominium. Absent a showing of fraud, self-dealing or unconscionability, the court's inquiry is so limited and it will not inquire as to the wisdom or soundness of the business decision" (*Schoninger v Yardarm Beach Homeowners' Assn., Section I, Bd. of Mgrs.*, 134 AD2d at 9).

The evidence submitted on the motion and cross motion established that the Board's determination that the proposed construction work constituted "repairs" and "maintenance" under the condominium declaration and by-laws was within its authority and made in good faith to further a legitimate interest of the condominium (*id.*). The condominium buildings had suffered leaks over the course of many years, and testing revealed that one third of the units had toxic mold. The Board hired architectural and engineering firms to conduct inspections. The firms advised that the roofs had incurred moisture damage and was nearing or had exceeded its life expectancy, and recommended work to correct this and other deficiencies in the buildings. Further, in classifying the work as repairs and maintenance, the Board relied upon a determination by the Chief Building and Zoning Inspector of the Village of Nyack Building and Zoning Department that "the proposed scope of work is of a repair/maintenance nature and does not require a building permit." In addition, the condominium bylaws specifically provide that the Board may authorize a variance from original materials when conducting repairs.

Accordingly, the Board was within its authority in entering

the construction contract without the unit owner approval required for "alterations" or "improvements" costing more than 25% of the estimated annual budget (*see Gennis v Pomona Park Bd. of Mgrs.,* 36 AD3d 661 [2007]). Therefore, the Supreme Court properly denied the plaintiffs' cross motion and properly awarded summary judgment to the respondents dismissing the first and third causes of action of the second amended complaint.

The Board's contentions regarding the second cause of action in the second amended complaint are not properly before this Court (*see* CPLR 5515; *Hecht v City of New York,* 60 NY2d 57 [1983]; *Adelman v Attonito,* 304 AD2d 507 [2003]). Mastro, J.P., Covello, Eng and Leventhal, JJ., concur.