■ Board of Managers of Pomona Park Condominiums et al., Respondents, v Andrea Gennis et al., Appellants. [878 NYS2d 155]—

In an action to recover an undertaking previously posted in a separate action entitled *Gennis v Pomona Park Bd. of Mgrs.*, commenced in the Supreme Court, Rockland County, under index No. 2572/05, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Weiner, J.), entered December 19, 2007, as granted the plaintiffs' motion for summary judgment on the complaint and dismissing the counterclaims asserted by the defendant Sally D'Alesio against the plaintiff Board of Managers of Pomona Park Condominiums.

Ordered that the appeal by the defendant Andrea Gennis from so much of the order as granted that branch of the plaintiffs' motion which was for summary judgment dismissing the counterclaims is dismissed, as that defendant is not aggrieved by the portion of the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

This action involves a restoration project undertaken at the Pomona Park Condominiums where the defendants were unit owners. In a prior action regarding this project, this Court determined that the plaintiffs had the authority to undertake the project without the consent of the unit owners and vacated a preliminary injunction issued at the behest of the defendants herein. Pursuant to CPLR 6312 (b), the defendants, as the plaintiffs/movants in the prior action seeking injunctive relief, were required to post an undertaking in the sum of $25,000.

"In order for a defendant to recover damages sustained as a result of the issuance of a preliminary injunction, there must be a final determination, be it explicit or implicit, that the plaintiff was not entitled to the preliminary injunction" (*Forest Labs. v Lowey*, 118 AD2d 828, 828 [1986]; *see* CPLR 6312 [b]; *Margolies v Encounter, Inc.*, 42 NY2d 475, 477 [1977]; *Cross Props. v Brook Realty Co.*, 76 AD2d 445, 457-458 [1980]). Here, the plaintiffs met their prima facie burden of establishing that there was a final determination that the defendants were not entitled to the preliminary injunction in the prior action (*see Margolies v Encounter, Inc.*, 42 NY2d at 477; *Forest Labs. v Lowey*, 118 AD2d at 828-829; *Cross Props. v Brook Realty Co.*, 76 AD2d at 457-458) based on this Court's prior decision therein (*see Gennis v Pomona Park Bd. of Mgrs.*, 36 AD3d 661 [2007]). The plaintiffs also met their burden of establishing their entitlement to the full amount of the undertaking based on their submission of legal expenses in excess of that amount "sustained by reason of

the injunction" (CPLR 6312 [b]; *see Cross Props., Inc. v Brook Realty Co.*, 76 AD2d at 458). In opposition, the defendants failed to raise a triable issue of fact.

The plaintiffs also met their prima facie burden of establishing that the doctrine of collateral estoppel precludes the defendant Sally D'Alesio from asserting her counterclaims against the plaintiff Board of Managers of Pomona Park Condominiums insofar as they are based on dispositive factual and legal issues substantially identical to the allegations asserted as a basis for enjoining the project in the underlying action (*see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349-350 [1999]; *see e.g. Matter of Hunter*, 6 AD3d 117, 126-127 [2004]). Moreover, in opposition, D'Alesio failed to raise a triable issue of fact as to whether she lacked a full and fair opportunity in the prior action to litigate the foregoing issues and thereby avoid the preclusive effect of the adverse determination (*see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d at 350). Contrary to D'Alesio's contention, the gravamen of her claims regarding the allegedly improper assessment of common charges and recording of a lien for their nonpayment were based on the same issue raised and determined against her in the prior action seeking a determination that the plaintiffs lacked the requisite authority to undertake the restoration project.

Accordingly, the Supreme Court properly granted the plaintiffs' motion for summary judgment on the complaint and dismissing the counterclaims. Skelos, J.P., Fisher, Miller and Eng, JJ., concur.