■ MARK FORSSELL, Respondent, v RANDY LERNER et al., Appellants. [956 NYS2d 117]—

The plaintiff allegedly was injured while working as a carpenter at a construction project on property owned by the defendant Randy Lerner. He alleged in the complaint that he was injured while using his table saw, which he had plugged into an electrical outlet that was also being used to power five other electrical devices. He alleged that the "overload" caused a power surge, which caused the table saw to "skip," causing his hand to come in contact with the saw blade.

The plaintiff commenced this action against Lerner, alleging common-law negligence and a violation of Labor Law § 200, and against the defendant Makita U.S.A., Inc. (hereinafter Makita), the manufacturer of the table saw, alleging, among other things, negligence and strict products liability based upon a design defect. In his response to Makita's interrogatories, the plaintiff claimed, among other things, that the table saw was not equipped with a blade guard when he bought it from a coworker, and that "[t]he failure to include a blade guard bolted to the table saw constitutes a design defect."

After issue was joined, Makita moved for summary judgment dismissing the complaint insofar as asserted against it, arguing that the saw had been distributed with a blade guard attached, and it could not be held liable for injuries resulting from a subsequent substantial modification of the table saw. Lerner separately moved for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court denied the motions, and subsequently denied Makita's motion, inter alia, for leave to renew.

A cause of action sounding in violation of Labor Law § 200 or common-law negligence may arise from dangerous or defective conditions of the premises, or the manner in which the work is performed (see Pilato v 866 U.N. Plaza Assoc., LLC, 77 AD3d 644, 646 [2010]; Ortega v Puccia, 57 AD3d 54, 61 [2008]). Further, in rare cases, both theories of liability may be implicated (see Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 50-52 [2011]). In this case, the plaintiff's injuries allegedly arose from the manner in which the work was performed, and not from any dangerous or defective condition on the premises (see Cody v State of New York, 82 AD3d 925, 926 [2011]; Pilato v 866 U.N. Plaza Assoc., LLC, 77 AD3d at 645-646). Where, as here, a claim arises out of the means and methods of the work, a property owner may be held liable for common-law negligence or a violation of Labor Law § 200 only if he or she had "the authority to supervise or control the performance of the work" (Ortega v Puccia, 57 AD3d at 61; see Cody v State of New York, 82 AD3d at 927; Pilato v 866 U.N. Plaza Assoc., LLC, 77 AD3d at 646). Contrary to Lerner's contention, the vague and conclusory assertions in his affidavit in support of his motion were insufficient to make a prima facie showing that he did not have the authority to supervise or control the performance of the plaintiff's work (see County of Nassau v Velasquez, 44 AD3d 987 [2007]; McDonald v Sunstone Assoc., 39 AD3d 603, 605 [2007]; Berchini v Silverite Constr. Co., 289 AD2d 434 [2001]). Accordingly, Lerner's motion for summary judgment dismissing the

complaint insofar as asserted against him was properly denied, regardless of the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The Supreme Court also properly denied Makita's motion for summary judgment dismissing the complaint insofar as asserted against it. "[A] manufacturer of a product may not be cast in damages, either on a strict products liability or negligence cause of action, where, after the product leaves the possession and control of the manufacturer, there is a subsequent modification which substantially alters the product and is the proximate cause of plaintiff's injuries" (*Robinson v Reed-Prentice Div. of Package Mach. Co.*, 49 NY2d 471, 475 [1980]; *see Fernandez v Mark Andy, Inc.*, 7 AD3d 484, 485 [2004]). While Makita's submissions established that the table saw was distributed with a blade guard, there was also evidence that the blade guard was removable and that the table saw was operable without it. Thus, a triable issue of fact exists as to whether the table saw was purposely designed to permit use without the blade guard (*see Fernandez v Mark Andy, Inc.*, 7 AD3d at 485; *Eiss v Sears, Roebuck & Co.*, 275 AD2d 919, 919-920 [2000]; *cf. Masiello v Efficiency Devices*, 6 AD3d 672, 673 [2004]; *Wyda v Makita Elec. Works*, 232 AD2d 407 [1996]).

Moreover, that branch of Makita's subsequent motion which was for leave to renew its motion for summary judgment was properly denied. "[I]n general, a motion for leave to renew must be based upon new facts not offered on the prior motion that would change the prior determination, and must set forth a reasonable justification for the failure to present such facts on the prior motion" (*Bazile v City of New York*, 94 AD3d 929, 930-931 [2012] [internal quotation marks omitted]; *see* CPLR 2221 [e]; *Ramirez v Khan*, 60 AD3d 748, 748 [2009]). Here, Makita did not demonstrate a reasonable justification for failing to submit the affidavit of its expert on the prior motion (*see Bazile v City of New York*, 94 AD3d at 931; *Ramirez v Khan*, 60 AD3d at 748-749). Contrary to Makita's contention, the affidavit did not address issues which had been raised, sua sponte, by the Supreme Court in its initial order (*cf. Wilder v May Dept. Stores Co.*, 23 AD3d 646, 648 [2005]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Mastro, J.P., Lott, Austin and Cohen, JJ., concur.