(June 26, 2014)

■ The Board of Managers of the 4260 Broadway Condominium, Appellant, v Elisette A. Caballero et al., Respondents, et al., Defendants. The Board of Managers of the 4260 Broadway Condominium, Appellant, v Gregoria De La Cruz et al., Respondents, et al., Defendant. The Board of Managers of the 4260 Broadway Condominium, Appellant, v Gregoria De La Cruz et al., Respondents, et al., Defendant. The Board of Managers of the 4260 Broadway Condominium, Appellant, v Luis Choing et al., Respondents, et al., Defendant. [988 NYS2d 476]—

Orders, Supreme Court, New York County (Marcy S. Friedman, J.), entered July 24, 2012 and July 25, 2012, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment to foreclose on its lien for unpaid common charges on defendants' condominium apartments and to strike defendants' affirmative defenses and counterclaims, unanimously affirmed, without costs.

The court properly determined that issues of fact remained as to whether plaintiff (the board) acted within the scope of its authority when it imposed various assessments without unit owner approval (*see generally Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530 [1990]). On its summary judgment motion, the board failed to meet its burden to demonstrate, inter alia, that the assessments were related to building repairs, for which unit owner approval is not required, as opposed to items such as building alterations, additions, or improvements, which do require unit owner approval under certain circumstances pursuant to bylaws §§ 2.5, 5.3 (*cf. Helmer v Comito*, 61 AD3d 635 [2d Dept 2009]).

We have considered the board's remaining arguments and find them unavailing. Concur—Moskowitz, J.P., Richter, Manzanet-Daniels, Clark and Kapnick, JJ.