■ CANDLEWOOD HOLDINGS, INC., et al., Appellants, v NICANOR VALLE, JR., et al., Respondents. [23 NYS3d 266]—

In an action, inter alia, for a judgment declaring that Candlewood Holdings, Inc., is the beneficial owner of 676 Holding Corp., and is entitled to the proceeds of a certain condemnation award, and for injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), dated March 18, 2014, which granted the motion by Nicanor Valle, Jr., 676 Holding Corp., and Cutlass Enterprises Inc., for leave to renew and, upon renewal, in effect, vacated its prior order dated November 13, 2012, denying the motion by those defendants which was for summary judgment dismissing the complaint insofar as asserted against them, and thereupon, granted that motion to the extent of directing the dismissal of the second, third, fourth, and fifth causes of action insofar as asserted against them and, as to the first cause of action, directing the entry of a judgment, inter alia, declaring that Nicanor Valle, Jr., is the beneficial and legal owner of 676 Holding Corp., and is entitled to the proceeds of the condemnation award.

Ordered that the order dated March 18, 2014, is affirmed, with costs.

Rosalie Moore is the owner of one third of the stock of Candlewood Holdings, Inc. (hereinafter Candlewood). The other two thirds of Candlewood's stock is owned by ANO, Inc., which is not a party to the present action. Prior to May 2000, Candlewood owned all of the stock of Cutlass Enterprises, Inc. (hereinafter Cutlass), which owned real property located at 676 Grand Concourse in the Bronx. In May 2000, Candlewood sold its interest in Cutlass to nonparty Jacko Car Wash Corp. (hereinafter Jacko), in return for a promissory note and a security interest in the Cutlass stock. In 2002, upon defaulting on the promissory note, Jacko agreed to assign all of its assets to Candlewood in lieu of foreclosure. Instead of accepting the return of the Cutlass stock, however, the shareholders of Candlewood formed 676 Holding Corp. (hereinafter 676 Holding) for the purpose of receiving any assignment of the Cutlass stock from Jacko. The shareholders of Candlewood decided that the stock of 676 Holding should be held by Nicanor Valle, Jr., who was not affiliated with Candlewood. Valle was thus made the record owner of the stock of 676 Holding, and all relevant tax returns were prepared consistent with this arrangement.

In 2007, the City of New York condemned the property located at 676 Grand Concourse in an eminent domain proceeding. As a result of that proceeding, Cutlass became entitled to an award from the City. The City made a partial payment of that award, which was retained by Valle, the record owner of the stock of 676 Holding. Thereafter, the plaintiffs commenced this action, inter alia, for a judgment declaring that Candlewood is the beneficial owner of 676 Holding and is entitled to the proceeds of the condemnation award, and for injunctive relief. The plaintiffs alleged that Valle agreed, in writing, to be the "nominee owner" of the shares of 676 Holding so as to allow Candlewood to obtain certain tax benefits, but that Valle gave no consideration for his shares and that Candlewood remained the "rightful beneficial owner."

Valle, 676 Holding, and Cutlass (hereinafter collectively the Valle defendants) moved for summary judgment dismissing the complaint insofar as asserted against them. They insisted that no such nominee agreement ever existed and that Valle was indeed intended to be the beneficial owner of 676 Holding. The Supreme Court denied that motion, concluding that the plaintiffs, despite not producing any written agreement, had raised triable issues of fact as to whether Valle was intended to be a nominee owner without any beneficial interest. In doing so, however, the Supreme Court also noted that the plaintiffs would be barred from seeking declaratory relief, or any other form of recovery, if the creation of 676 Holding was "simply a ruse to avoid recognition of capital gain," citing *Kirschner v KPMG LLP* (15 NY3d 446, 464 [2010]).

Thereafter, the Valle defendants moved for leave to renew. In support of that motion, they submitted affidavits from two experts who opined that Candlewood created 676 Holding, which was put in Valle's name, as a ruse to avoid significant tax liability. The plaintiffs opposed the motion for leave to renew, but did not submit any additional evidence regarding the tax treatment of the underlying transaction. The Supreme Court granted the motion for leave to renew and, upon renewal, granted the Valle defendants' motion for summary judgment to the extent of directing the dismissal of the second, third, fourth, and fifth causes of action insofar as asserted against them and, as to the first cause of action, directing the entry of a judgment, inter alia, declaring that Valle is the beneficial and legal owner of 676 Holding and is entitled to the proceeds of the condemnation award. The plaintiffs appeal, and we affirm.

Contrary to the plaintiffs' contentions, the Valle defendants' motion for leave to renew was not untimely and was properly

granted. " '[I]n general, a motion for leave to renew must be based upon new facts not offered on the prior motion that would change the prior determination, and must set forth a reasonable justification for the failure to present such facts on the prior motion' " (*Forssell v Lerner*, 101 AD3d 807, 809 [2012], quoting *Bazile v City of New York*, 94 AD3d 929, 930-931 [2012]; *see* CPLR 2221 [e]). Here, because the expert affidavits submitted in support of the motion for leave to renew addressed an issue raised sua sponte by the court in the original decision, the Valle defendants had a reasonable excuse for not offering them on the prior motion, and it was proper for the Supreme Court to consider them (*see Matter of Hernandez v New York City Hous. Auth.*, 129 AD3d 446 [2015]; *Wilder v May Dept. Stores Co.*, 23 AD3d 646, 648 [2005]; *Scannell v Mt. Sinai Med. Ctr.*, 256 AD2d 214, 214 [1998]; *cf. Forssell v Lerner*, 101 AD3d at 808).

Further, upon renewal, the Supreme Court properly applied the doctrine of in pari delicto, which mandates that the courts "will not intercede to resolve a dispute between two wrongdoers" (*Kirschner v KPMG LLP*, 15 NY3d at 464). In this regard, the expert affidavits submitted by the Valle defendants demonstrated, prima facie, that the plaintiffs were engaged in a fraudulent scheme involving the ownership of the real property at issue (*see Gitlin v Chirinkin*, 121 AD3d 939 [2014]; *Ta Chun Wang v Chun Wong*, 163 AD2d 300, 302 [1990]). In opposition, the plaintiffs failed to raise a triable issue of fact, including the issue of whether the underlying transaction was, for example, part of a lawful tax avoidance plan (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, upon renewal, the Supreme Court properly granted the Valle defendants' motion for summary judgment to the extent of directing the dismissal of the second, third, fourth, and fifth causes of action and, as to the first cause of action, directing the entry of a judgment, inter alia, declaring that Valle is the owner of 676 Holding and is entitled to the proceeds of the condemnation award. Balkin, J.P., Hall, Duffy and LaSalle, JJ., concur.