Marl v Liro Engrs., Inc. (2018 NY Slip Op 01459)





Marl v Liro Engrs., Inc.


2018 NY Slip Op 01459


Decided on March 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
L. PRISCILLA HALL
HECTOR D. LASALLE, JJ.


2015-02272
 (Index No. 2277/07)

[*1]Cathy Marl, et al., appellants, 
v
Liro Engineers, Inc., etc., et al., respondents (and a third-party action).


Weitz & Luxenberg, P.C., New York, NY (Teresa Curtin of counsel), for appellants.
Lewis Johs Avallone Aviles, LLP, Islandia, NY (Robert A. Lifson of counsel), for respondent Liro Engineers, Inc.
Gallo Vitucci Klar LLP, New York, NY (Kimberly A. Ricciardi of counsel), for respondent Conrad Geoscience Corp.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated December 16, 2014, as granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them, and denied that branch of their cross motion which was for leave to amend the bill of particulars to allege a violation of 12 NYCRR 23-1.7(g).
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiffs were employees of Ketco, Inc. (hereinafter Ketco), the general contractor on a highway construction project undertaken by the New York State Thruway Authority (hereinafter NYSTA). In connection with the project, Ketco entered into a contract with the defendant Conrad Geoscience Corp. (hereinafter Conrad), an environmental consultant, whereby Conrad would prepare environmental safety plans required by the New York State Department of Environmental Control, as the location of the project contained a landfill that was known to be contaminated by hazardous waste. The NYSTA entered into a contract with the defendant Liro Engineers, Inc. (hereinafter Liro), to perform engineering inspection services on the project.
Between December 2003 and March 2004, the plaintiffs worked at the highway construction project site, driving dump trucks and filling the trucks with soil from the area of the landfill. On March 17, 2004, the plaintiffs complained of dizziness while working, and were taken to a nearby hospital for treatment. In March 2007, the plaintiffs commenced this action against Liro and Conrad to recover damages for personal injuries. They alleged that they were exposed to, and injured by, toxic substances in the soil which they were excavating in connection with the construction project, and that they were not provided with proper protective equipment. After discovery, the plaintiffs moved for summary judgment on the causes of action alleging violations of Labor Law §§ 200 and 241(6) insofar as asserted against Liro. Thereafter, Liro and Conrad separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted [*2]against each of them. The plaintiffs cross-moved for leave to amend their bill of particulars.
The Supreme Court properly granted those branches of Liro's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it. Liro established, prima facie, that it lacked the authority to supervise the work to a sufficient degree to impose liability under a theory of common-law negligence or under Labor Law § 200 (see Abelleira v City of New York, 120 AD3d 1163; Klimowicz v Powell Cove Assoc., LLC, 111 AD3d 605, 607; Gonzalez v Perkan Concrete Corp., 110 AD3d 955; Forssell v Lerner, 101 AD3d 807, 808). In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The Supreme Court also properly granted that branch of Liro's motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action insofar as asserted against it. This cause of action was based upon an alleged violation of Industrial Code (12 NYCRR) § 12-1.4(b), which cannot serve as a predicate for liability under Labor Law § 241(6) (see Nostrom v A.W. Chesterton Co., 15 NY3d 502, 507-508). Likewise, violations of Occupational Safety and Health Act of 1970 (29 USC § 651 et seq.) standards do not provide a basis for liability under Labor Law § 241(6) (see Shaw v RPA Assoc., LLC, 75 AD3d 634, 636-637; Greenwood v Shearson, Lehman & Hutton, 238 AD2d 311, 313).
The Supreme Court properly granted that branch of Conrad's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Conrad submitted evidence that, as the entity charged with creating environmental safety plans, it exercised no supervisory authority at the highway construction project work site and owed no duty of care to the plaintiffs. In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324).
The Supreme Court properly denied that branch of the plaintiffs' cross motion which was for leave to amend the bill of particulars to allege a violation of 12 NYCRR 23-1.7(g) in support of the Labor Law § 241(6) cause of action. As this Industrial Code section refers to the atmosphere of unventilated confined areas where dangerous air contaminants are present or where there is an insufficient oxygen supply, it is inapplicable under the circumstances here (see Pittman v S.P. Lenox Realty, LLC, 119 AD3d 846, 847-848).
The plaintiffs' remaining contentions are either improperly raised for the first time on appeal or without merit.
DILLON, J.P., BALKIN, HALL and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court