Candlewood Holdings, Inc. v Valle (2019 NY Slip Op 00255)





Candlewood Holdings, Inc. v Valle


2019 NY Slip Op 00255


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2016-06830
 (Index No. 18465/10)

[*1]Candlewood Holdings, Inc., et al., respondents,
v
Nicanor Valle, Jr., et al., appellants, et al., defendant.


Sperber & Stein, LLP, Garden City, NY (Leonard R. Sperber and Michelle S. Stein of counsel), for appellants.
Rosalie Moore, Boynton Beach, Florida, respondent pro se.



DECISION & ORDER
In an action, inter alia, for declaratory relief, the defendants Nicanor Valle, Jr., 676 Holding Corp., and Cutlass Enterprises, Inc., appeal from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), dated June 16, 2016. The order denied their motion to recover damages resulting from the issuance of a preliminary injunction granted to the plaintiffs, and granted the plaintiffs' cross motion to discharge an undertaking given in connection with that preliminary injunction.
ORDERED that the order is affirmed, with costs.
In this action, inter alia, for a declaratory judgment with respect to the entitlement to a condemnation award for real property located at 676 Grand Concourse in the Bronx (hereinafter the real property), this Court previously affirmed an order which directed the entry of a judgment, among other things, declaring that the defendant Nicanor Valle, Jr., was the beneficial and legal owner of the defendant 676 Holding Corp., and as such was entitled to the condemnation award, and directed dismissal of the remaining causes of action against Valle, 676 Holding Corp., and Cutlass Enterprises, Inc. (hereinafter collectively the defendants) (see Candlewood Holdings, Inc. v Valle, 134 AD3d 872). The basis for the Supreme Court's holding, as affirmed by this Court, was the doctrine of in pari delicto, premised on the finding that the defendants established that the plaintiffs were engaged in a fraudulent scheme with respect to the ownership of the real property, in which they sought to avoid the payment of capital gains taxes by creating 676 Holding Corp. and putting the property in Valle's name (see id. at 874).
Before the Supreme Court directed the entry of a judgment declaring that Valle was entitled to the condemnation award, the court granted the plaintiffs a preliminary injunction restraining the defendant law firm Goldstein, Rikon & Rikon, P.C., from paying the proceeds of the condemnation award to the defendants, conditioned on the plaintiffs posting an undertaking in the sum of $250,000. At issue on this appeal is the denial of the defendants' motion to recover damages resulting from the issuance of the preliminary injunction, and the grant of the plaintiffs' cross motion for the release of the undertaking. We affirm.
Pursuant to CPLR 6312[b], "prior to the granting of a preliminary injunction, the plaintiff shall give an undertaking in an amount to be fixed by the court, that the plaintiff, if it is finally determined that he or she was not entitled to an injunction, will pay to the defendant all damages and costs which may be sustained by reason of the injunction." A defendant can only recover damages resulting from the issuance of a preliminary injunction if there has been a final determination, whether explicit or implicit, that the plaintiff was not entitled to the preliminary injunction (see Sunrise Plaza Assoc. v International Summit Equities Corp., 212 AD2d 690, 691; Forest Labs. v Lowey, 118 AD2d 828). There has not been a final determination that the plaintiffs in this case were not entitled to the preliminary injunction. Rather, the Supreme Court directed the entry of a declaratory judgment in favor of Valle and the dismissal of the remainder of the complaint based on the court's refusal to intercede to resolve a dispute between two wrongdoers (see Candlewood Holdings, Inc. v Valle, 134 AD3d at 874; see also Kirschner v KPMG, LLP, 15 NY3d 446, 464). Accordingly, we agree with the court's determination denying the defendants' motion and granting the plaintiffs' cross motion.
DILLON, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court